| 69 | 55 |
| 131 | 621 |

# John R. Shirwin

*v.*

# The People of the State of Illinois.

1. CONTINUANCE—*requisites of affidavit.* The requisites of an affidavit for a continuance on the ground of the absence of a witness, are, that it shows, *first,* the name and residence of the witness, and the materiality of his testimony; *second,* the exercise of proper diligence to procure the attendance of the witness, and *third,* that the witness can be had at the time to which it is sought to have the trial deferred.

2. RAPE—*declarations of prosecutrix in impeachment of her testimony.* On the trial of one for rape, upon the proper foundation being laid, evidence that the prosecutrix had declared that the accused was not guilty, and that the prosecution was carried on to extort money from him or his friends, is material and properly admissible in the defense.

3. SAME—*character of prosecutrix.* It is the general rule that the character of the prosecutrix, on a charge of rape, may be impeached; but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity.

4. SAME—*when particular acts of unchastity admissible.* But where the prosecutrix testified that she was unconscious, and did not know whether the accused committed the rape or not, and the prosecution proved by a physician, who examined her three weeks afterwards, that she did not then bear the physical evidences of virginity, and gave it as his opinion that she had had carnal connection with a man at some time before: *Held,* that it was competent to rebut the inference sought to be drawn from this evidence, by showing either a previous voluntary connection with the accused, or particular instances of unchastity with any other man, as well as to show by other medical testimony that the theory of the doctor testifying was unreliable.

5. TRIAL—*improper remarks of judge.* On the trial of one for rape, the accused sought to lay the foundation for the inference of voluntary intercourse between himself and the prosecutrix while she lived at the house of defendant's step-father, by proving that she was in the habit of following him about the house. On objection to the testimony, the court said: "I do not think it competent, and even if she did follow him, it would not show *she wanted a rape committed upon her:*" *Held,* that the evidence was legitimate and proper, and that the remark of the court was not proper, even if the evidence was properly excluded.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. E. W. EVANS, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, and Mr. CHARLES H. REED, State's Attorney, for the People.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

An indictment, charging plaintiff in error with the crime of rape upon one Bertha Kaminski, was presented in the

criminal court of Cook county July 12, 1873, whereupon a *capias* issued, upon which the accused was arrested and committed to jail. On Monday, the 14th of the same month, the accused was arraigned, and the plea of not guilty entered. The court then ordered the case to be set for trial on the next succeeding Friday, being the 18th of the same month. On the day of the arraignment, accused proceeded to prepare for his trial, by causing a subpœna to be issued for his witnesses, among whom was one Mary Kehoe. This subpœna was then placed in the hands of an agent employed to serve it, who used all the diligence practicable within the time allowed, but was unable to serve it upon said Mary Kehoe, by reason of her absence beyond the reach of the subpœna. When the case was called for trial on the day fixed by the court, the accused prepared and presented to the court his affidavit, upon which he asked that the trial of the cause might be put off until the August term, a period of only about three weeks, in order to enable him to procure the testimony of said Mary Kehoe, who was shown to be only temporarily absent from the city of Chicago, and was expected to return in time for the next term of court.

The facts set forth which accused expected to prove by the absent witness were, that the complaining witness, Bertha Kaminski, had, since the time at which she claimed the offense was committed, told Mary Kehoe that the accused was not guilty of a rape, and that he never attempted to commit a rape upon her, but that she (Bertha) wanted to make some money out of him; and upon said Mary Kehoe answering that the accused had no money, the said Bertha replied that he had rich relations and was connected with the city government, and that accused or his friends would pay her well to drop the prosecution.

The court overruled the motion for continuance, and ordered the trial to proceed, which resulted in a verdict of guilty, and fixing the punishment at five years in the penitentiary. The court overruled a motion for a new trial, and

·gave judgment in accordance with the verdict. These matters, together with the evidence and rulings of the court upon the trial, are preserved in a bill of exceptions, and the case brought here by writ of error. ·

By our practice, error may be assigned upon overruling a motion for continuance as well as for a new trial.

If the affidavit for a continuance presented a proper case, it was error to overrule the application. The essential requisites of such affidavit are these : *First*—The name and residence of the witness; that he is really material, and shown to the court, by the affidavit, to be so. *Second*—That the party who applies has been guilty of no neglect, or, in other words, shows the exercise of proper diligence. *Third*—That the witness can be had at the time to which it is sought to have the trial of the cause deferred.

If the facts set forth in the affidavit of accused, which he expected to prove by the absent witness, were really material, and shown to the court to be so, then this affidavit was sufficient, because in all other respects it is so clearly and manifestly within the rules as to admit of no criticism. The question, and only question arising upon this affidavit, is the materiality of the facts expected to be proven by the absent witness, and *that* scarcely admits of argument. The affidavit shows that accused knew of no other witness by whom these facts could be proven. The indictment was for rape upon Bertha Kaminski, and the affidavit shows what is but an ordinary presumption, from the indictment itself, that she was the complaining witness. It was apparent therefore, and to be expected, that she would be the only witness in support of the charge; and as the law closes the lips of the defendant, his only hope of defense, if innocent, consisted in controverting the evidence of the fact or the force, adduced by her, by means of cross-examination, impairing her credibility by disproving circumstances stated by her, or showing declarations made by her out of court inconsistent with her evidence upon the witness-stand. " It is to be remembered," says

Greenleaf, " as has been justly observed by Lord HALE, that it is an accusation easily made, hard to be proved, and still harder to be defended by one ever so innocent." 3 Greenlf. Ev. sec. 212.

When the nature of the charge is considered, and the various motives which may, and doubtless in many instances have, actuated women to make unfounded charges of this character, as, for revenge, to extort money, as an excuse on their part for a sin of a less odious character, is it not obvious that evidence introduced, upon a proper foundation being laid. that the prosecutrix had declared that the accused was not guilty—had admitted that the prosecution was carried on for the sole purpose of extorting money—would be material? The proposition does not admit of controversy, and it was manifest error to overrule the motion of plaintiff in error for a continuance.

The second error assigned is, that the court excluded proper evidence offered on behalf of the defense, viz: Evidence tending to show that the prosecutrix, prior to the time in question, had had carnal intercourse with other men. It is the general rule that the character of the prosecutrix for chastity may be impeached, but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. *Rex* v. *Clarke*, 2 Starkie R. 241 ; *Rex* v. *Barker*, 3 C. and P. 589 ; *The People* v. *Abbott*, 19 Wend. R. 192. The latter case holds that the prosecutrix may be shown to be in fact a common prostitute; that previous voluntary connection between her and the prisoner may be shown, and that evidence may be given of particular acts and associations indicating, on her part, a want of chastity. The admissibility of all this class of evidence is placed upon the ground that an unchaste woman would be more likely to consent to the act than a virtuous one, and therefore her previous connection with the accused, or her general reputation for want of chastity, are proper ingredients in determining the question whether the particular act in

controversy was accomplished solely by force or with her virtual consent. In this case, however, the question arises in a wholly different aspect. The prosecutrix does not, nor does any other witness, testify to the commission of a rape or any carnal intercourse at the time in question. She says she became insensible, and does not know whether the accused consummated the act or not; and to supplement this lack of direct evidence, the State's attorney called as a witness a physician who examined her three weeks after the alleged occasion, and who gives it as his opinion that she did not then bear the physical evidences of virginity, and had had carnal intercourse with some man, by means of which such evidences were destroyed. Upon this, of course, it was argued that they were destroyed by the accused, and by a forcible carnal connection with her, although she knew nothing about it, she being, as she claims, unconscious at the time. Such being the state of the case, was it not competent to rebut that inference by showing either a previous voluntary connection with the accused, or particular instances of unchastity with any other man? The circumstances of the case seem to take it wholly out of the general rule which excludes evidence of particular instances of unchastity with persons other than the accused. The prosecution was required to satisfy the jury beyond a reasonable doubt that the crime had been in fact committed. This could not be done upon the evidence of the prosecutrix alone. She could not so testify. She said she did not know whether it was committed or not. The testimony of the doctor as to the physical *indicia* that she had had carnal intercourse with some man was, therefore, vital. It must have been the controlling circumstance from which the criminality of the accused was inferred. Now, can it be maintained that, although such a circumstance may be given in evidence to criminate the accused, yet, if he can not account for such physical *indicia* except by showing particular instances of unchastity with persons other than himself, he shall not be allowed to do it at all? The law is not

so unreasonable. The right of the accused to defend must be as broad as that of the prosecution to criminate. If such a circumstance is admissible for the purposes of an inference of criminality, then it must be competent to explain or account for the circumstance itself, by showing that it existed from causes entirely independent of the alleged criminal act of the defendant. In order to explain or account for these physical *indicia*, it was competent for the accused to introduce any legitimate evidence tending to show either a voluntary connection between the prosecutrix and himself, or any other man, prior to the time of the examination by the doctor. And he should, moreover, be at liberty to show, if he can, by other medical testimony, that the theory of the doctor was unreliable.

The counsel for plaintiff in error sought to lay the foundation for an inference of voluntary intercourse between him and the prosecutrix, while she lived at the house of his stepfather, by inquiring of the latter as to her habits of following plaintiff in error about the house. Upon this evidence being objected to by the State's Attorney, the court said: · "I do not think it competent, and even if she did follow him, it would not show *she wanted a rape committed upon her;*" and the evidence was excluded. The evidence was offered for a legitimate purpose, and might have been competent as a preliminary inquiry. The remark of the court could not have been otherwise than prejudicial to the accused, and was not proper even if the evidence was properly excluded. *Fisher* v. *The People*, 23 Ill. 283.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*