(No. 14871.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUDOLPH NIEGLOS, Plaintiff in Error.

*Opinion filed December 19, 1922.*

1. CRIMINAL LAW—*when defendant cannot complain of physician's testimony as to previous chaste character of the prosecutrix.* Where the defendant in a prosecution for rape makes no attempt, by the introduction of evidence or by cross-examination, to deny the previous chastity of the prosecuting witness, he cannot complain of the testimony of a physician who examined the prosecutrix that in his opinion she had not had acts of intercourse previous to the commission of the crime charged.

2. SAME—*rape—prosecutrix is presumed to be of chaste character.* The prosecuting witness, in a trial for rape, is presumed, in law, to be of chaste character, and the burden rests upon the defendant to prove otherwise.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

McINERNEY & POWER, (JAMES R. CONSIDINE, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted and convicted in the criminal court of Cook county on the charge of forcible rape. The prosecutrix was a girl barely sixteen years of age. Plaintiff in error was eighteen years of age at that time. The case is brought here for review.

Plaintiff in error does not deny having had intercourse with the prosecuting witness but denies that it was without her consent.

The errors assigned are, that the court erred in giving certain instructions to the jury, that the verdict is contrary to the evidence, and that the court erred in admitting improper testimony.

The evidence of the State shows that on the evening of June 23, 1921, the prosecutrix attended the graduation exercises in the Hibbard school, at the corner of Spaulding and Ainslie streets, in the city of Chicago, with some girl friends. During the evening the girls met Julius Kahn, Irving Walcoff and Rudolph Nieglos, the plaintiff in error. Though the girl friends of prosecutrix had known the boys previously, she had known only Walcoff. About 10:30 all six left the school building and walked west to Kimball avenue until they came to the Kimball avenue bridge, where they sang and danced a few minutes. When they reached Spaulding and Argyle streets prosecutrix and the plaintiff in error went north and east on Spaulding avenue toward the home of the prosecutrix. After walking one block they took a short cut across the North Park College grounds. These grounds occupy a block and contain three buildings. In going through the grounds plaintiff in error stopped at a bench, and complaining that he was tired, suggested that they stop there and rest, to which prosecutrix protested, saying that her mother would be worrying about her and she had to go home. It was at this time and place that the plaintiff in error is charged with having committed the crime of which he was found guilty. Immediately after the crime charged plaintiff in error left and prosecutrix lay on the ground for about three-quarters of an hour. When within half a block of her home she met her mother, who had started out to look for her. She was crying and told her mother what had taken place. When she got home the blue crepe de chine dress she wore was torn in three places, the underskirt was blood-stained, the clasp torn from one side of the chemise, and there was blood upon it. The mother, father, and Dr. Frank Nathanson, who examined

the girl the following morning, testified to her condition with reference to her private parts and that there were numerous bruises on her legs and body.

Plaintiff in error contends that the court erred in admitting the evidence of Dr. Nathanson, who gave as his opinion, from his examination of the prosecuting witness, that she had not, previous to the commission of the crime charged, experienced acts of intercourse. In *Shirwin* v. *People*, 69 Ill. 55, a physician was allowed to give an opinion as to whether or not the prosecuting witness bore evidences of virginity. Such evidence was held not to be error in that case, but the judgment was reversed because the trial court refused to allow the defendant to introduce testimony refuting such evidence. The prosecuting witness is presumed, in law, to be of chaste character, and the burden rests upon the defendant to prove otherwise. (*People* v. *Eccarius,* 305 Ill. 62; *Bradshaw* v. *People,* 153 id. 156.) There was no attempt to make any such proof in this case or even to cross-examine Dr. Nathanson. As there was no denial of the previous chastity of complaining witness plaintiff in error was not harmed by the evidence.

Other objections to the admission of testimony have been urged but are without merit.

The record abundantly justifies the verdict of guilty in this case. While the testimony of the complaining witness is corroborated by that of others concerning her appearance immediately after the commission of the crime, plaintiff in error has no corroboration of his testimony concerning her consent. Moreover, at the time of his arrest, when told by the officer that he was wanted, he immediately said that he knew what he was wanted for. This record presents an offense of the most atrocious character. Plaintiff in error may consider himself fortunate that the jury, doubtless by reason of his age, fixed his imprisonment at no more than one year.

The instructions complained of were those referring to reasonable doubt. Three instructions were given on the question of reasonable doubt. Instruction No. 15 was an instruction frequently condemned by this court, and it was said in *People v. Clark,* 301 Ill. 428: "It seems strange that the practice of giving the instruction should not be discontinued in the criminal court of Cook county, where the same error has been repeatedly committed." In a close case we are of the opinion that the giving of this instruction should reverse, but finding, as we do, that the verdict is abundantly justified by the evidence we will not reverse the judgment in this case for that reason.

The judgment will be affirmed. *Judgment affirmed.*