JOHN KENNEDY, Jr.,

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. MISTAKE — *occurring in a record, how may be corrected.* When in the record of a criminal case, a clerical error is made, the court has the power to permit such mistake to be corrected, upon a proper application by the people.

2. INSTRUCTIONS — *in a criminal proceeding — unnecessary that each one should state the law of a reasonable doubt.* In a criminal proceeding it is not necessary that each instruction given to the jury should inform them, that before they could convict, they must believe the accused to be guilty beyond a reasonable doubt.

3. EVIDENCE — *going to the credit of a witness.* In a proceeding upon an indictment for an assault with intent to commit a rape, the prisoner, in his rebutting testimony, showed, that the prosecuting witness had stated, before the trial, to others, that it was a person other than the accused who had made the assault upon her, and had described such person to them, and that the description then given was different from that given on the trial by her, which evidence the court excluded by remarking in the presence of the jury, after reciting it, "that it amounted to nothing." *Held,* that the remarks of the court, in assuming to determine the weight of the evidence, were erroneous, being calculated to exclude from the consideration of the jury testimony which was proper, and should have been admitted.

WRIT OF ERROR to the Circuit Court of Ogle county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was a proceeding upon an indictment found against the plaintiff in error, for an assault upon Nancy McManus, with intent to commit a rape. The cause was tried at the November Term, 1866, of the Ogle county Circuit Court, and the defendant found guilty; whereupon motions for a new trial, and in arrest of judgment, were severally made and overruled, and afterward, on application to this court, a writ of error was ordered to issue, and made a supersedeas, so far as to stay the execution of the sentence of five years' imprisonment in the penitentiary. Various errors were assigned, all of which are fully noticed in the opinion.

Messrs. DUTCHER & MIX, and Messrs. LELAND & BLANCHARD, for the plaintiff in error.

Mr. DAVID McCARTNEY, for the people.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted, that the record in this case fails to show that the indictment was returned by the grand jury into open court. The record, however, recites, that they did so report a bill for the crime of rape, properly indorsed and signed a true bill by the foreman. The case was docketed and numbered, and it appears that the case was tried, the verdict returned, and the judgment rendered in a case of the same title and number. The indictment copied into the record is for an assault with intent to commit a rape, and was properly indorsed and signed by the foreman. We might no doubt from these facts infer, that this was the only indictment presented against the accused, and that it was a clerical error of the clerk in entitling the cause when the presentment was made. But in the view we take of this case, we deem it unnecessary to pass on this point. If such a mistake was made, the court below has the power to

permit the record to be amended upon a proper application by the people.

It is also insisted, that the instructions given on behalf of the prosecution are erroneous. It is true, that a portion of these instructions fail to inform the jury that they must believe the accused to be guilty beyond a reasonable doubt before they could convict. A portion of these instructions do so inform the jury, and in so clear a manner, that they could not have been misled, and the same instruction is repeated in several of those given for plaintiff in error. It is not necessary that each instruction shall contain such an announcement. Some of the instructions given select particular portions of the evidence, and inform the jury that such facts tend to prove the issue are proper to be considered by the jury. Evidence is only admitted because it tends to prove the issue, and when admitted it is all for the consideration of the jury. This being so, it is not a practice that should be encouraged to give such instructions. It gives, in the estimation of the jury, in many cases, undue weight to such facts. And while, as a general rule, we would not feel warranted in reversing for that reason, still the better practice is, that they should not be given.

The accused, in his rebutting evidence, introduced Burch, and on his cross-examination he stated, that on the night the assault was made, and immediately after it occurred, he saw the prosecuting witness, and that she then stated that it was Jillson's hired man who made the assault, and that he wore a white hat at the time. To this answer the prosecution objected, and the evidence was excluded. This was erroneous, as the accused had the right to prove that she had given different and contradictory accounts of the transaction. This was proper evidence to test her recollection, to test her disposition to state the facts fairly, and to enable the jury to ascertain the value of her evidence.

It appears from the record, that the court below, on the trial and in the hearing of the jury, stated, that, " whatever Mrs. McManus may have said to Burch and Vanston that night, or to Jillson in the morning after, as to its being Jillson's hired man

that assaulted her, and that it was a thick set, dark complexioned man, with a white hat on, amounted to nothing, when the proof shows that as soon as she saw him, she said he was not the man." An exception was taken to this statement. The court, in this, assumed the province of the jury in determining the weight of the evidence. It was for the jury, and not the court, to say whether these statements, if made, amounted to any thing. And such remarks, made by the court in the hearing of the jury, are well calculated to exclude from their consideration such evidence. These remarks amounted to an exclusion of this evidence from the jury, while it was proper for their consideration. If they believed that she had made different statements of the facts, it was for the jury to determine whether they impaired the weight of her testimony. We are of the opinion, that the court erred in making these remarks in the hearing of the jury. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*