NATHANIEL J. AUSTINE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa June 13, 1884.*

1. WITNESS—*credibility—how questioned.* The prosecutrix in a prosecution for rape, or for an assault with intent to commit a rape, may be contradicted by showing that she has made statements, not under oath, inconsistent with her evidence, leaving her credibility a question for the jury.

2. CONTINUANCE—*application by defendant in prosecution for rape—sufficiency of grounds—absence of witness.* An affidavit by the defendant for a continuance of a case of indictment for a rape, against him, showed that the prosecutrix was the principal witness for the People; that she would testify on the trial that the defendant committed a rape upon her upon two different occasions, giving the time and place; that such evidence would be false; that defendant was not guilty as charged, and the prosecution by the prosecutrix was purely for blackmail. It also showed diligence in endeavoring to procure the attendance of a witness of the county, whose name was given, and that defendant could prove by such witness that at a time named,

subsequent to that when the last rape was alleged to have been committed, in a conversation which he then had with the prosecutrix, she told him, voluntarily, "that the defendant never used any force or violence on the occasions the said prosecuting witness will testify as having been raped and assaulted by the defendant, and that the defendant never committed the crime of rape upon her, as charged," but his only offence was soliciting her to commit adultery, which she refused to do. The affidavit also showed the absence of the witness beyond the limits of the State without defendant's procurement or consent, his inability to procure the attendance of the absent witness at that term of the court, and his ability to procure his attendance at the next term, and concluded by stating that defendant knew of no other witness by whom this proof could be made, and that the affidavit was not made for delay. The court denied the application: *Held*, that the court erred in refusing a continuance, and that it was not necessary to state that the prosecutrix would deny that she made such a statement to the absent witness. The party making such an affidavit is not required to state what he can not know, or his belief based solely on facts previously stated.

3. SAME—*duty to cross-examine prosecuting witness as to matters proposed to be proven by absent witness.* A party indicted for rape made application for a continuance, to enable him to procure the attendance of a witness, by whom to prove that the prosecutrix stated to him that the defendant used no force on her, and did not assault or rape her, etc., which was overruled. On the trial the prosecutrix testified to the rape, and defendant did not ask her in regard to what she had said to the absent witness, and from this omission it was claimed that the defendant was not prejudiced by the refusal of a continuance: *Held*, that the defendant was under no obligation to cross-examine the witness in this respect, his witness being absent, and that he waived nothing by declining to do so.

4. SAME—*attachment of absent witness—of the questions presented on answer to the attachment.* Where a motion for a continuance, based on an affidavit showing the absence of a material witness without the party's consent, is overruled, and after the trial the absent witness is attached for absenting himself, and he, in answer to interrogatories, states that he went away by the consent of the party and his attorney, such statement of the witness can not be used to the prejudice of the party applying for the continuance, he being no party to the attachment.

5. RAPE—*omitting to resist or make outcry.* If a woman, when raped, is paralyzed by fear, she will not be expected to make resistance or outcry; and if the superiority of the defendant's strength over hers is very great, she might not be able to make effectual resistance. If so remote from all human help that an outcry would prove unavailing, none need be made, as the law does not require the doing of impossible or useless acts.

6. In a prosecution for a rape, where the defendant asked the court to instruct the jury as to the legal presumption arising from the conduct of the prosecutrix, such as failing to resist or make an outcry, the court modified

the instruction by adding the words, "unless there was good excuse," etc.: *Held*, that the modification was erroneous. Instead of the words "good excuse," the court should have added what, in law, in the particular instance, constituted a "legal excuse," leaving the jury to find if the requisite facts constituting such legal excuse were proved.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. McKENZIE & CALKINS, for the plaintiff in error.

Mr. J. J. TUNNICLIFF, State's Attorney, and Mr. JAMES McCARTNEY, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The plaintiff in error was indicted for the crime of rape upon one Permelia Slutz. Upon trial he was convicted of an assault with intent to commit rape, and sentenced to the penitentiary for the term of three years.

Before the case was called for trial, the plaintiff in error moved the court to continue the cause until the next term, supporting the motion by his affidavit. The court overruled the motion, and this ruling presents the first question for our consideration. The affidavit shows that Permelia Slutz, the prosecutrix, is the principal witness on behalf of the prosecution; that she will testify, on the trial, that the defendant committed a rape upon her upon two different occasions, giving time and place; that this evidence will be false; that the defendant is not guilty as charged in the indictment, and the prosecution of the case by the prosecutrix is purely for blackmail. Diligence is then shown in procuring the attendance of a witness, whose name is given, and who is a resident of the county, by whom he can prove that at a time named, subsequent to that when the last rape is alleged to have been committed, in a conversation which he then had with the prosecutrix, she told him, voluntarily, "that the defendant

never used any force or violence on the occasions the said prosecuting witness will testify as having been raped and assaulted by the defendant, and that the defendant never committed the crime of rape upon her, as charged," but his only offence was soliciting her to commit adultery, which she refused to do. The absence of the witness beyond the limits of the State without his procurement or consent, his inability to procure his attendance at that term of court, and his ability to procure his attendance at the next term of court, are then shown; and it concludes by stating that he knows of no other witness by whom this proof can be made, and that the affidavit is not made for delay, etc.

If authority be needed upon so obvious a proposition as that the prosecutrix, in a case like this, may be contradicted by showing that she has made statements, not under oath, inconsistent with her evidence, and that the question of her credibility is then a question for the jury, it will be found in *Kennedy* v. *The People*, 44 Ill. 283.

The only objection urged against the sufficiency of this affidavit is, that it does not state that the prosecutrix will, in giving her evidence, deny that she made the statement to which the absent witness will testify. We do not think this was essential. The matters to which the affidavit shows the prosecutrix and the absent witness will testify, are directly contrary to each other. Both can not be true, and it is not, therefore, to be presumed that the prosecutrix would admit the matters to which the affidavit alleges the absent witness will testify. Whether she would do so or not, so far as appears by the affidavit, was, when it was made, undisclosed, and rested entirely in her breast. How could the defendant testify to a future, undisclosed intention of the prosecutrix? Her intention to testify in regard to the alleged commission of a rape, the record shows was disclosed in a preliminary trial before a justice of the peace, and probably before the grand jury, and was therefore properly embodied in the affi-

davit. But this can not be said as to her testimony in regard
to a subsequent admission contradictory of that testimony,
unless it affirmatively appears her intention with regard to
her testimony in that respect has been disclosed. An affida-
vit of this kind is not required to state what the party making
it can not know. Nor is it required that the party shall state
his belief in regard to matters which he bases solely on facts
previously stated,—as, for instance, if all he knows is that
the prosecutrix has manifested an intention to testify to one
state of facts, and has said another state of facts is true, the
court will draw its own inferences. His belief, apart from
facts, and except as warranted by facts, can be of no conse-
quence whatever. When this affidavit was presented, the
State's attorney might have admitted its truth, and then, if
it became material upon the trial, the prosecutrix would have
been allowed to explain why she had made the statement;
but if the facts stated were not true, the proper course to
contest them was pursued. We think the affidavit contained
all that was essential to entitle the defence to a continuance,
its statements being not admitted.

But it is contended the error in this ruling could not have
prejudiced the defendant, because he did not inquire of the
prosecutrix, when cross-examining her, in regard to what she
had said to this witness. We do not think so. He was not
then in a condition to contradict her, his witness being absent,
and the policy of taking her answers uncontradicted might
be very questionable. He certainly was under no obligation
to enter upon a cross-examination in this respect, and in our
opinion waived nothing by declining to do so.

Again, it is pressed upon our attention that the absent
witness returned before the end of the term of the court, and
upon being arrested upon attachment for contempt of court
in refusing to obey its process, in answer to interrogatories
then propounded to him, stated that he had absented himself
from court by the consent of the defendant and his attorney.

It is enough to say, the defendant was no party to that proceeding, and it is unprecedented, and violative of all principle, that the answer of the witness in that proceeding should be allowed to affect the defendant in this. That was an independent case of the People against the witness, and the record of it has no place here. It is not compatible with the orderly and systematic proceedings of courts to consider evidence in one case which belongs to another and wholly different case between different parties, however much it may reflect upon a party thereto.

The affidavit, here, is stronger than that for a continuance in *Shirwin* v. *The People*, 69 Ill. 55, which we held sufficient to entitle the defendant to a continuance. In that case it was not stated that the prosecutrix would be the principal witness in the prosecution, or to what it was expected she would testify; but the court inferred, from certain facts appearing in the record, that she would be the principal prosecuting witness.

We do not desire to express any opinion as to the weight of the evidence in this case, further than to say the defendant's guilt is not so clearly proved that we can confidently say the jury would not have found different had the absent witness been present and testified to the matters set forth in the affidavit.

The court erred, in our opinion, in overruling the motion for a continuance, and for that error the judgment is reversed and the cause remanded.

Several other objections have been urged upon our attention, but inasmuch as they are not likely to occur on the next trial, we deem it unnecessary to pass upon them. It may be well, however, to direct the attention of the court below to certain language used in modifying some of the defendant's instructions, which we regard as objectionable. These instructions were in regard to the legal presumption arising from certain conduct of the prosecutrix claimed to

have been proved by the evidence, and the court modified them by adding the words, "unless there was no good excuse," etc. The words "good excuse," can only mean "legal excuse," and "legal excuse" presents a question of law. The court should have added, instead of the words "good excuse," if modification was deemed necessary, what, in law, in the particular instances, constitutes "legal excuse," leaving the jury to find whether the requisite facts were proved,—as, for instance, if the prosecutrix was paralyzed by fear, she could not be expected to make resistance or outcry; if the superiority of strength of the defendant over her was very great, she might not be able to make effectual resistance; if they were so remote from all human help that all outcry must be unavailing, outcry need not be made. The law does not require the doing of impossible or useless acts. But we do not think the jury should be left to find that a party did or did not have a "good excuse" for doing or omitting to do an act, without any direction as to what, in law, constitutes a "good excuse."

*Judgment reversed.*