## Chicago Junction Ry. Co. v. Walenty Pietrzak.

1. TRIALS—*Erroneous Remarks of the Court.*—Twice during the trial the court stated to counsel for defendant, in the presence and hearing of the jury, that there was only one point in the case, namely, as to whether or not the foreman of the defendant ordered the plaintiff to go into a dangerous place.  *Held,* reversible error.

Trespass on the Case, for personal injuries.    Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the October term, 1902.    Reversed and remanded.    Opinion filed December 3, 1902.    Rehearing denied December 31, 1903.

WINSTON, BABCOCK, STRAWN & SHAW, attorneys for appellant.

F. W. JAROS and DOUTHART & BRENDECKE, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee was in the employ of appellant July 2, 1900, as a car repairer, and in the night of that day was required to do some work at appellant's roundhouse.    His claim is that he was ordered by his foreman to go from the roundhouse to the water tank, without any light, for his tools; that the night was dark, and that in returning with his tools from the water tank, and while exercising due care, he fell into a turntable pit which was situated between the roundhouse and the water tank, where his tools were, and was injured.

We think it unadvisable to express any opinion in respect to the evidence, in view of the conclusion which we have reached, after careful consideration of the record and the arguments of counsel.

At the close of the plaintiff's case counsel for the defendant requested the court to exclude the jury from the court room in order that he might argue a motion to take the case from the jury, when the court said :

"I have no objection to the jury hearing this argument.

There is only one point in the case—did the foreman order this man to go out into a dangerous place without a light."

To this statement of the court, made in the presence and hearing of the jury, defendant, by its counsel, excepted. At the close of all the evidence the following occurred:

" And thereupon, at the conclusion of the evidence, counsel for the defendant asked the court to exclude the jury from the court room, for the purpose of arguing a motion to instruct the jury, in writing, to find for the defendant, and offered to the court to be given the following instruction, in writing :

' The jury are instructed to find the defendant, the Chicago Junction Railway Company, not guilty.'

Whereupon the court refused to exclude the jury from the court room, and insisted upon counsel for defendant stating to the court, in the presence of the jury, the ground upon which counsel sought to have the court instruct the jury to find the defendant not guilty; and the court stated to counsel for defendant, in the presence and hearing of the jury, that there was only one point in the case, namely, as to whether or not the foreman of the defendant ordered the plaintiff to go into a dangerous place."

The question whether the plaintiff exercised ordinary care in the premises was directly involved. It is alleged in the declaration that he exercised such care, and the court instructed the jury that he must prove that allegation to entitle him to recover.

The plaintiff claimed that he was suffering from hernia, which resulted from the accident. Whether the hernia resulted from the accident was a closely contested question, was important as affecting the damages, in the event of a finding for the plaintiff, and was a question to be passed on by the jury. The remarks of the court, on two occasions, in the presence and hearing of the jury, that there was only one point in the case, namely, as to whether the foreman of the defendant ordered the plaintiff to go into a dangerous place, was practically equivalent to an oral instruction to the jury that there was only one question for the jury to pass on, namely, whether the plaintiff was ordered by his foreman to go into a dangerous place, without a light, thus

eliminating from the consideration of the jury all other questions in the case. It is true that the court instructed the jury that the plaintiff, to entitle him to recover, must have proved that he exercised ordinary care; but this did not cure the error; because the court, in saying that the only point in the case was whether the foreman gave the order mentioned, impliedly assumed that other elements necessary to a recovery had been proved. It requires no stretch of the imagination to suppose a juror remarking, when the jury retired to consider of their verdict, " We have only to consider whether the foreman ordered the plaintiff to go into a dangerous place; that is what the court said twice."

Judgments have been reversed for remarks of courts much less prejudicial to a party than the remarks in question. In Cunningham v. The People, 195 Ill. 550, one Hattie Reed, a colored woman, was the only witness who identified, by her testimony, the plaintiffs in error as the persons who committed the crime charged. It appeared from the evidence of plaintiffs in error that, by order of an inspector of police, they were taken from their cells and into the presence of certain witnesses, among whom was Hattie Reed, who failed to identify them. While the inspector was testifying as to what occurred at the time, the court remarked : " But the colored woman was not there;" and the witness said " No." *Held*, that the remark of the court was prejudicial to the plaintiffs in error. It was a question for the determination of the jury in the case, whether certain bruises on the head of the deceased, for whose murder the plaintiffs in error were indicted, were caused by a blow of a fist or by a fall on the pavement. While counsel for plaintiffs in error were attempting to frame a hypothetical question to a physician as to the cause of death, the court remarked : " Why don't you say the bruise was caused by a blow from a fist?" The same counsel, in attempting to frame a like question to another physician, stated that it was a question of fact what caused the bruises, and that there was no direct evidence on the

question, when the court said: "Oh, yes there is; by a blow of the fist." *Held*, that the remarks of the court were reversible error.

In City of Chicago v. Spoor, 190 Ill. 340, 353, a photograph was offered and was admitted in evidence by the court; but the court remarked, "It is for the jury to say how much stock they take in testimony of this kind." The court say of this remark: " The intimation was that the jury ought not to give any weight to the evidence. It was an interference with the function of the jury, and error." Citing Kennedy v. The People, 44 Ill. 283, and Andreas v. Ketcham, 77 Ill. 377. In Andreas v. Ketcham, Ketcham had contracted with Andreas to cause a twelve-inch view of his residence to be printed in an atlas. The controverted question was, whether the view, as published, was correct, and the evidence on that question was conflicting. After the evidence was all in, Ketcham's attorney asked the court " whether His Honor would know the view to be the residence of defendant, were defendant's name taken from the view," to which the court answered : " I do not know that I would." *Held*, that the court's remark was reversible error. In Marzen v. The People, 173 Ill. 43, indictment for murder, the identity of an oil can found by the police as being one which had been used in Marzen's saloon, was in question, and while a witness was being examined as to whether it was the same can which had been used in Marzen's saloon, the court remarked : "I believe that is the same can." *Held*, that the remark was error.

In Ill. Cent. R. R. Co. v. Souders, 178 Ill. 585, which was case for personal injuries, the court, during the examination of a witness by the defendant's counsel, to show that a train could not be started by a sudden jerk, remarked: "Now, Judge, it looks to me that you are going into the mechanism of railways. The only question in this case is whether this lady had time to get off this train or not." The court held the remark erroneous, saying, among other things: " The remark of the court was equivalent 'to saying that everything was settled except the mere question

whether the plaintiff had time to get off the train." Counsel for plaintiff, in his argument to the jury, said they had asked the jury to award $50,000, that the suit was originally for $25,000, and was proceeding to state that the court had permitted an increase of the claim, when, on objection made, the court said: "No, I don't think that is proper. Tell what your *ad damnum* is now laid at, and comment upon that as your measure of damages, but as to what occurred in another case—" Here counsel interrupted the court, saying: "I am not referring to any other case," when the court proceeded thus: "On damages there, you have got the limit there. The jury can find whatever they want, but not exceeding the *ad damnum*, but it would be error to let in anything else." It was contended by counsel for the plaintiff that the trial court, having been very liberal in giving twenty-four instructions for the defendant, the error should be regarded as cured; but the court said, in substance, that there was nothing in any of the instructions which would change the prejudicial character of the trial court's remarks, and the judgment was reversed because of those remarks.

Counsel for appellant excepted to the court's refusal to give certain instructions presented on behalf of appellant. We find no error in the refusal to give the instructions, or any of them.

The judgment will be reversed and the cause remanded.