THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BENJAMIN MILLER, Plaintiff in Error.

*Opinion filed October 26, 1912—Rehearing denied Dec. 5, 1912.*

1. COURTS—*convening of any branch of the criminal court of Cook county convenes its several branches.* If any branch of the criminal court of Cook county is properly convened on the first day of the term by a judge authorized to open said court, the criminal court is in session as a court and the several branches may thereafter transact business; and it is not necessary that each branch shall be formally convened on said first day in order to prevent the lapsing of the term.

2. SAME—*what does not prevent convening of criminal court on first day of term.* The fact that on the first day of a new term of the criminal court of Cook county a case is on trial in a branch of said court which was on trial when the preceding term expired by operation of law, does not prevent the judge of such branch court from formally convening the criminal court for the new term by entering orders in other cases than the one on trial.

3. SAME—*when the record of criminal case may be amended.* Where the record of a criminal case tried by a branch of the criminal court of Cook county shows, on its face, that the judge convened such branch, and empaneled the grand jury which returned the indictment, the day following the one on which the term would lapse, by operation of law, for failure to convene it within the time prescribed, the record may be amended to speak

the truth by showing that another judge of the criminal court had properly convened that court on the first day of the term.

4. SAME—*placita made by a judge of one branch of criminal court is sufficient basis for amending the record.*. The *placita* of an order made by a judge of one branch of the criminal court of Cook county in taking a recognizance, which shows that the term was convened by said judge on the first day thereof, is a sufficient minute or memorial paper upon which to base an amendment of the record of a case in another branch of said court to show that the criminal court was properly convened on first day of the term.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (WELLS M. COOK, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiff in error, Benjamin Miller, was indicted by the grand jury of Cook county, at the July term, 1905, of the criminal court of said county, for the crime of murder, was tried in said criminal court at the November term of that year and at the following December term of said court was sentenced to confinement in the penitentiary during his natural life. He has sued out a writ of error from this court to review the record on which he was indicted, tried, convicted and sentenced to the penitentiary, and asks a reversal of the judgment of conviction upon the ground that the term of court at which he was indicted was not lawfully convened, which had the effect to render the indictment upon which he was tried void.

The original record filed by the plaintiff in error in this court shows that the indictment upon which he was tried was returned by a grand jury which was empaneled at a term of the criminal court of Cook county which was con-

vened by Judge Kersten, one of the circuit court judges of said county, on the fifth day of July, 1905. The law provides that the terms of the criminal court of. Cook county shall commence on the first Monday of each month of the year, and that if the court is not convened at each term as early as four o'clock of the second day of the term, the term shall lapse by operation of law, and it is conceded upon the record that the first Monday of July, 1905, was the third day of July. It is therefore apparent, if the record filed by the plaintiff in error as a return to the writ of error speaks the truth, that the July term, 1905, of the criminal court of Cook county lapsed at four o'clock on July 4 and that Judge Kersten was powerless to convene said court on July 5, and that the order entered by him convening said court on the fifth day of July, and his subsequent action in empaneling the grand jury which returned the indictment upon which the plaintiff in error was tried, was without authority of law, and the indictment returned against the plaintiff in error, upon which he was tried, convicted and sentenced, was void and the judgment of conviction must be reversed.

To obviate the error apparent upon the face of the record filed in this court by the plaintiff in error, the Attorney General at a former term suggested a diminution of the record as filed by the plaintiff in error, and by leave of this court he has filed a supplemental and amended record. The supplemental and amended record shows that the criminal court of Cook county was regularly convened on Monday, July 3, 1905, by Judge Chetlain, one of the superior court judges of said county, and that the grand jury which returned the indictment against the plaintiff in error was duly empaneled by Judge Kersten subsequent to the convening of said term of court. The supplemental and amended record had the effect to cure the defect apparent upon the face of the original record filed by the plaintiff in error, as was held in the case of *Juretich* v. *People,* 223 Ill. 484.

It is claimed by the plaintiff in error, however, that the supplemental and amended record filed by the People did not speak the truth in so far as it showed the July term, 1905, of the criminal court of Cook county was convened by Judge Chetlain on the first Monday of July of that year, and that the order amending the record originally filed by the plaintiff in error, which was subsequently made by Judge Kersten upon this cause being re-instated in the criminal court, was improperly made. The plaintiff in error has filed in this court a bill of exceptions taken upon the hearing of the motion to amend the record made by Judge Kersten, in which is incorporated certain evidence which was offered by the plaintiff in error on the hearing of said motion to amend the record but which evidence was rejected by the court, the effect of which was to show that at the June term, 1905, the case of *People* v. *Wheeler et al.*, indictment for forgery, was on trial before Judge Chetlain in the criminal court of Cook county; that on Saturday, July 1, 1905, the trial of said cause was progressing and was unfinished and was adjourned until Monday, July 3, 1905, which was the first Monday in July; that on Monday, the third day of July, and on subsequent days in July, said cause proceeded to a final determination before the jury and Judge Chetlain. This, it is now argued, shows that the July term, 1905, of the criminal court of Cook county was not convened by Judge Chetlain, but that the action taken by him on the third and subsequent days of July was but a continuation of the June term of said criminal court, which was held in pursuance of the terms of the statute, which provides that when a cause is on trial at the time a term of court expires by operation of law, the trial shall proceed to completion as of the term at which it was begun.

While it is doubtless true that the trial of the case of *People* v. *Wheeler et al.* did proceed into the month of July as of the June term, the record relied upon by the

People to show the July term of the criminal court of Cook county was convened by Judge Chetlain on the first Monday of July, viz., July 3, is not the record relied upon by the plaintiff in error made in the case of *People* v. *Wheeler et al.*, but is a record of said court which shows Judge Chetlain sat as a judge of the criminal court of Cook county on the first Monday of July, 1905, and transacted other business and entered other orders than those entered in the case of *People* v. *Wheeler et al.*—that is, on said day he admitted a person charged with a criminal offense in said criminal court to bail by taking his recognizance on that day in open court, which record is preceded by the following *placita:*

"*United States of America.*

STATE OF ILLINOIS, }
     *Cook County.*    } *ss.*

"Pleas before a branch of the criminal court of Cook county, in said county and State, at a term thereof begun and held at the criminal court house, in the city of Chicago, in said county, on the first Monday (being the third day) of July, in the year of our Lord one thousand nine hundred and five and of the independence of the United States the one hundred and twenty-ninth. Present, Hon. Arthur Chetlain, judge of the superior court of Cook county and *ex-officio* judge of the criminal court of Cook county.

JOHN J. HEALY, *State's Attorney,*

THOMAS E. BARRETT, *Sheriff of Cook County.*

Attest: WILLIAM C. LAWSON, *Clerk.*"

This *placita* is the same as the *placita* to the record which was filed by the Attorney General as a supplemental record in the *Juretich case* to remove the objection made in that case, which the same objection as is made here and which was held by this court to cure the objection. This court, on page 489 of the opinion in that case, said: "It is next contended that the record fails to show that the July term, 1905, of the criminal court of Cook county, at which this case was tried, was properly convened. In support of this contention it is insisted that the statute provides that the terms of the criminal court of Cook county

shall begin on the first Monday of each month; that the first Monday of July, 1905, fell on July 3 and that the court was not convened until July 5, which was not within the time provided by the statute, and therefore the term lapsed. The statement that the court was not convened until July 5 is based on the convening order as shown by the original record, which shows interlineations and some evidence of mutilation, but by an amended record filed in this case it is shown that the July term in fact convened on 'the first Monday, being the third day, of July,' etc. The point is therefore not sustained by the record." The above language would seem to be controlling in this case. If, however, the question presented here is treated as an original one in this court and the record made by Judge Chetlain on July 3 be treated only as a memorandum by which to amend the judgment in this case entered by Judge Kersten, we think the amendment was properly made. In *Hubbard* v. *People,* 197 Ill. 15, on page 17, it was said: "The record in a criminal case may be amended after the term at which it is made has elapsed, by an order of court entered *nunc pro tunc,* when by reason of a clerical misprision it does not speak the truth. (*Kennedy* v. *People,* 44 Ill. 283; *Phillips* v. *People,* 88 id. 160; *Gore* v. *People,* 162 id. 259; *Knefel* v. *People,* 187 id. 212.) The amendment must, however, be based upon some official or *quasi* official note or memorandum or memorial paper remaining in the files of the case or upon the records of the court."

While the record as originally made up in this case showed that the July term, 1905, of the criminal court of Cook county was opened by Judge Kersten on July 5, the records of the criminal court of said county as made up by Judge Chetlain showed that Judge Chetlain had opened the July term of said court on July 3, which was the first Monday of July and which was in time. We think it was proper for Judge Kersten in this case, therefore, to permit an amendment to the record so as to make it speak the

truth by reciting the fact, as a *placita* to the judgment in the Miller case, that the criminal court of Cook county had been properly convened by a judge of that court in due form on July 3.

It is, however, urged, that if it were conceded that Judge Chetlain did open the criminal court of Cook county on July 3 in the branch of the court over which he presided, still that the order entered by him would not be a convening order of the criminal court of Cook county as to the branch of that court presided over by Judge Kersten and would not avail the People in this case. We do not think that contention sound. It is provided by section 26 of article 6 of the constitution of 1870, that a court to be known as the criminal court of Cook county be created. That court has a seal and a clerk, and while the statute provides it may have different branches presided over by different judges, it is apparent it is but a single court, and when that court is regularly convened by a judge authorized to open that court it is regularly in session as a court as to all its branches. In other words, it is not necessary that each branch of the criminal court of Cook county, in order that such branch may properly transact business at a term of said court, should be formally opened on the first day of the term, but if the criminal court of Cook county is properly convened on the first day of the term by a judge authorized to open said court, the court is in session as a court and thereafter its several branches may properly proceed to transact business. True, after the court has regularly convened, the several cases assigned to the different branches of the court will proceed in each different branch to which they have been assigned without interference from the other branch courts, the same as they proceed in the circuit and superior courts of Cook county; but the fact that the legislature has authorized the holding of branch courts of the criminal court of Cook county does not make each branch a separate criminal court of Cook county,

which must be formally opened on the first day of the term or it will lapse for the term. It was therefore proper that the record made up in this case should be so amended, upon the presentation of the record made by Judge Chetlain, as to show that the grand jury which returned the indictment against the plaintiff in error was properly empaneled by Judge Kersten on a day in July subsequent to the day on which the criminal court of Cook county was opened for the July term by Judge Chetlain. The fact that the branch court being held by Judge Chetlain was engaged on Monday, July 3, in hearing the Wheeler case, which had come over from the June term under the statute, did not prevent him, as judge of the criminal court, from opening the regular July term on the third Monday of July and transacting business that day as of the July term. The record heretofore referred to shows that pleas were had before Judge Chetlain in a branch of the criminal court of Cook county "at a term thereof begun and held at the criminal court house, in the city of Chicago, in said county, on the first Monday (being the third day) of July," and that record imports verity, and was ample evidence of the fact that the criminal court of Cook county was properly convened at the July term at which the indictment against plaintiff in error was returned into said court, and was sufficient and ample evidence upon which to justify Judge Kersten subsequently to amend the record in the branch court presided over by him and in which the plaintiff in error was indicted, tried, convicted and sentenced, so that it was made to speak the truth. The record, therefore, now before us shows that the plaintiff in error was indicted at the July term of the criminal court of Cook county, which term was lawfully convened on the first Monday (which was the third day) of July, 1905.

Finding no reversible error in this record the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*