(No. 26852.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK R. MEYERS, Plaintiff in Error.

*Opinion filed November 18, 1942.*

B. Jay Knight, for plaintiff in error.

George F. Barrett, Attorney General, and Alexander J. Strom, State's Attorney, for the People.

Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Boone county of assault with intent to commit rape. At the time of his indictment he was 19 years of age. He was indicted jointly with Joseph Sullivan and Evan J. Woodworth. Separate trials were granted to the last named codefendants. The indictment consists of two counts, the first count charging forcible rape against one Dorothy R. Terry, and the second count charged assault with intent to commit rape on the same complaining witness. Change of venue was sought from Boone county. Motion and affidavits in support thereof were filed, as were counter-affidavits. The motion was denied.

The undisputed facts were that on the afternoon of January 25, 1942, plaintiff in error and six other young people approximately his age, including Sullivan and Woodworth, while driving on a street in Capron, Illinois, saw complaining witness who waved to them. The car was stopped and she and two other young women got into it, and they all drove to the home of complaining witness. From there the car with its ten occupants was driven to the village of Cheming, where whisky and wine were purchased and taken to the car. From there the party went to a tavern

where more liquor was purchased and consumed. From there they went to a roller-skating rink at Marengo. This consumed about three hours' time. Thereafter the acts charged in the indictment are alleged to have occurred. It would serve no good purpose to detail those acts in this opinion, suffice it to say it was largely a night of liquor drinking and drunken carousal on the part of these young people.

Complaining witness testified that she was intoxicated. There is evidence that she drank excessively. There is evidence of demonstrations of affection on the part of the complaining witness toward plaintiff in error. The other two young women were taken to their homes around midnight, and all left the car except plaintiff in error, complaining witness and Sullivan and Woodworth. During this time plaintiff in error was doing practically all the driving.

After letting the other two girls out of the car near their homes, the automobile, with plaintiff in error driving and with complaining witness and Sullivan also in the front seat and Woodworth in the back seat, proceeded to a point about a mile north of Capron, where plaintiff in error stopped the car and requested Woodworth to do the driving while he entered the back seat. There is conflict in the evidence as to what took place from that time on. Complaining witness, Sullivan and Woodworth testified plaintiff in error pulled the complaining witness across the back of the front seat and into the rear seat, and that an altercation, in which blows were struck, took place; that at one point where all got out of the car the complaining witness was vomiting and later laid down on the seat of the car and plaintiff in error got in on top of her, the others remaining outside. They so remained for about fifteen minutes, after which plaintiff in error drove the car to the home of the complaining witness, took her to

the door and returned to the car and drove with Sullivan and Woodworth to Belvidere.

The evidence also is that complaining witness' parents called in a physician to examine her about two o'clock that morning. He testified that he examined her and found her face swollen, black and blue, her lips cut, a tooth broken off, and that examination of her private parts showed them to be sore and bloody. There was evidence of marked lacerations. He gave his opinion, as an expert, that the condition he found there could have been caused by the crime of rape. He testified he did not smell any whisky about complaining witness.

Plaintiff in error testified that he consumed large quantities of liquor, and from the time he got into the rear seat of the car north of Capron with complaining witness, he did not remember anything until the sheriff of Boone county awakened him at the home of his father the next morning. His father testified as to his drunken condition.

Numerous errors are assigned but they group themselves about four questions: (1) whether the People proved the guilt of plaintiff in error beyond a reasonable doubt; (2) the rulings of the court on evidence; (3) instructions to the jury, and (4) the denial of a change of venue.

In order to prove the charge of forcible rape there must be evidence to show that the act was committed by force and against the will of the female, and if she has the use of her faculties and physical powers the evidence must show such resistance as will demonstrate that the act was against her will. (*People* v. *Eccarius,* 305 Ill. 62.) There is evidence in this record to show that the complaining witness was raped against her will. There was evidence of a scuffle and blows struck. Statements made by her and by plaintiff in error at the time also indicate a rape was being attempted. The evidence also disclosed opportunity for the commission of such crime. It is not

denied that complaining witness' face was bruised and swollen, her eyes blackened, her lip cut, a tooth knocked out, and her clothes torn and bloody. The testimony of the doctor was that she was in a condition which might have been caused by the crime of rape. The jury would have been justified in this case in returning a verdict finding plaintiff in error guilty of rape. It appears he was very leniently treated at its hands. It saw fit to render a verdict finding him guilty of the lessor charge. Certainly there is in this case no ground for reversing the finding of the jury as to the facts. *People* v. *Bakutis,* 377 Ill. 386; *Bean* v. *People,* 124 id. 576.

It is next urged that the evidence of both the State and the defense shows that both complaining witness and plaintiff in error were intoxicated to the condition of insensibility at the time of the alleged assault, and therefore plaintiff in error could not have had the criminal intent necessary to constitute the crime of attempted rape. The assault having been proved, the question whether it was made with intent to commit rape as charged in the indictment, was one of fact to be determined by the jury from all the evidence in the case. (*People* v. *Maher,* 377. Ill. 488; *People* v. *Makovicki,* 316 id. 407.) Specific intent is the gist of the offense and such assault must be proved by such evidence as shows that had the purpose been accomplished, the crime would be rape. It is not necessary to prove an express intent where assault is proved, as in this case. Intent may be inferred from the acts of the defendant during the assault. (*People* v. *Maher, supra; People* v. *Canonica,* 370 Ill. 441; *People* v. *McKinnie,* 328 id. 631.) Though plaintiff in error testified he had no recollection of anything that happened after he got into the rear seat of the automobile, there is opposed to that testimony the undisputed testimony that he drove the car without showing evidence of intoxication and that after complaining witness was taken to her home he drove the

car from there to Belvidere, where he let Sullivan and Woodworth out. No accident or complaint of any occupant of the car occurred nor was there evidence that he was unable to drive the car at the time. The jury was justified in disbelieving his statement that he was so intoxicated as to be unable to remember what happened.

Counsel for plaintiff in error urges that it was error to permit the State's Attorney to question Sullivan and Woodworth as to their having been granted separate trials. No attack is made upon the veracity of these two witnesses, who were codefendants. No evidence implicates them whatever in the crime beyond their being present. But counsel says the effect of the State's Attorney's questions concerning their separate trial could be none other than to unduly emphasize their testimony. No cases are cited that such is error and counsel admits inability to find any such a case, but insists that the answers of Woodworth and Sullivan were self-serving evidence and, under the rule in relation to such statements, were not admissible. Certain of the answers of Woodworth and Sullivan were immaterial and it was error to admit them. We are unable to see, however, wherein such error was prejudicial.

Other complaints have been made as to the testimony offered. It would unduly lengthen this opinion to consider them all. Upon reading the record, we are satisfied that while testimony appears in it that has no place there, it was immaterial in character rather than prejudicial. We find nothing in the record to justify reversal of the judgment on the ground of receiving improper evidence.

Counsel also argues it was error to deny the motion for change of venue. The rule is that upon application for a change of venue on the ground that the inhabitants of the county are prejudiced against the defendant, the issue raised is not whether the evidentiary facts set forth in the motion are proved but whether, upon the showing made, there is reasonable ground for fear that prejudice

162

alleged actually exists and that defendant will not receive a fair and impartial trial. (*People* v. *Birger*, 329 Ill. 352; *People* v. *Fricker*, 320 id. 495; *Jamison* v. *People*, 145 id. 357.) While the affidavits for change of venue set out that there was a prejudice against plaintiff in error in Boone county, and contained newspaper clippings denouncing the crime as atrocious, it does not appear that prejudice existed in the minds of the inhabitants sufficient to raise a reasonable apprehension that plaintiff in error would not receive a fair and impartial trial in that county. Nothing in the abstract indicates difficulty in obtaining a jury satisfactory to plaintiff in error. Moreover, as hereinbefore stated, a review of the testimony discloses that the jury was extremely lenient in returning a verdict of guilty of the lesser offense. We see no error in denying the motion for change of venue.

It appears from reading this record that the crime charged in this case was a most atrocious one and that plaintiff in error richly deserved a heavier penalty than that meted out to him. The judgment of the circuit court is affirmed.

*Judgment affirmed.*