(No. 32367.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT TOCCO *et al.,* Plaintiffs in Error.

*Opinion filed November 20, 1952.*

CHARLES A. BELLOWS, and JOSEPH F. MIRABELLA, both of Chicago, (ODE L. RANKIN, and JOSEPH I. BULGER, of counsel,) for plaintiffs in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR MANNING, WILLIAM J. McGAH, JR., and HERBERT BARSY, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The defendants, Albert Tocco and Thomas Christofanelli, were indicted in the criminal court of Cook County for the crime of rape. They were tried by the court without a jury, each was found guilty and each was sentenced to the penitentiary for a term of 25 years. The defendants have brought the cause here on writ of error, contending that they were not proved guilty beyond a reasonable doubt, that incompetent evidence for the State was admitted, and that the State failed to prove venue as charged in the indictment.

The facts which preceded the occurrence of the alleged offenses are not in dispute. The complainant, a high-school girl of 18 who worked part time, lived in Riverdale, in Cook County. On April 7, 1951, she went to her friend Loretta Hering's home in Thornton for dinner. Thereafter, she met her boy friend William Cashman at the Chicago Heights bus station and they went out for the evening. When they returned to the bus station to start for home, Loretta called to them from a car parked across the street. They walked to the car and were introduced to the defendants, the defendant Tocco being the owner

of the car. It was suggested that the defendants take complainant and Loretta home, and on their way to Loretta's home, they dropped Cashman off at a tavern. After Loretta left the car at her home, the alleged offenses occurred, and the testimony of the complainant and defendants is contradictory.

Prosecutrix testified that she sat in the back seat of the car, and defendants were in the front; that she complained of its being cold in the back seat and the car was stopped and defendant Christofanelli got in the back seat with her. He attempted to become familiar with her, and she said "I thought you guys were going to take me home." Then, despite her attempts to push him away, and saying that she wanted to go home, defendant Christofanelli removed part of his clothing and had intercourse with her after pushing her back on the seat. On cross-examination, she testified that she did not lay straight on the seat because she did not wish to catch the heels of her shoes in the upholstery. Then defendant Tocco got into the back seat, with Christofanelli driving, and he also had relations with her. Following this, prosecutrix directed them to her neighborhood, which they could not find, and got out of the car. When she entered the house, her mother was in the kitchen and asked her what was the matter, to which she replied, "Nothing is the matter." Her mother insisted that something was wrong, and the daughter told her that two friends of Loretta had driven her home and had attacked her. Complainant's father was awakened and he called the police. The complainant subsequently identified the defendants from police line-ups as those who had committed the offenses.

Complainant's mother testified that her daughter's eyes and arms were red when she came in that night, that she was excited and fainted. Over objection, she related what the daughter had told her when she was questioned, and that when complainant was examined by a physician the

next day at her mother's request, a bruise was found on her arm. The physician did not testify at the trial.

Complainant's father testified that her hair and clothing were "ruffled" when he saw her before calling the police, and that the next day he had Loretta Hering identify a blue convertible car they saw in Chicago Heights as belonging to her friends, and he reported the license number to the police. This testimony was allowed over objection.

Defendant Christofanelli testified, and defendant Tocco agreed to his statement of facts, that he moved into the back seat of the car when the complainant said it was cold there, and that he had relations with her without the use of force. He then changed places with Tocco and drove the car, during which time the car was stopped several times, one of them while police officers directed traffic because an accident had occurred. Defendant Tocco testified that he had intercourse with the complainant in the back seat of the car without her resistance while Christofanelli was driving.

The defendants for reversal rely chiefly on their contention that they were not proved guilty of rape beyond a reasonable doubt. A careful examination of the evidence as shown in the record indicates that there is merit in their contention. Rape is a difficult crime to prove; but it is no less a difficult charge to rebut, and evidence tending to establish the charge, or denial thereof, must always be minutely scrutinized in order that ultimate justice may be done.

The defendants aver that the prosecutrix consented to the acts done, and the prosecutrix alleges that she was forcibly raped. This court has consistently held that to establish forcible rape, there must be a showing of such resistance as to indicate that the act was against the complainant's will, if the complainant has the use of her faculties and physical powers. (*People* v. *Scott*, 407 Ill. 301; *People* v. *Meyers*, 381 Ill. 156; *People* v. *Serrielle*, 354

Ill. 182; *People* v. *Eccarius,* 305 Ill. 62.) In the *Meyers case,* the complainant was in a car with three men, one of whom was charged with raping her. The evidence disclosed that thereafter the complainant's face was swollen and bruised, a tooth was broken, parts of her body were lacerated and her clothes were torn. We there held that such facts were evidence that the act was committed forcibly and against the complainant's will. In the *Scott case,* this court made the further pronouncement that voluntary submission, while there is power to resist, even though that submission is reluctant, amounts to consent and a rape conviction cannot be sustained.

The prosecutrix in the instant case testified that her resistance when Christofanelli approached her was to push him away and say that she wanted to go home. There is no evidence whatsoever of a struggle, blows struck or screams. The prosecutrix testified that she did none of these things. She made no reference to threats or intimidation that might have influenced her conduct. She made no protest when the acts were committed, and she did not attempt to get out of the car or enlist aid when the car was halted at stop streets or at the scene of an accident where police were directing traffic. The prosecutrix even admitted that she was afraid she might catch her heels in the upholstery of the car during the acts. This would hardly seem to be the thought process of one who is being raped. Her resistance, by her own admission, was so token as to approach the consent found by this court in the *Scott case.*

Nor did the complainant subsequently conduct herself in a manner consistent with her allegation that she had been raped. She conversed with defendants about her employment as she directed them to her home. She made no spontaneous complaint on her arrival at her home, but only upon questioning by her mother did she reveal what had happened to her.

Proof of the previous good character of a defendant charged with rape may of itself raise a reasonable doubt when the evidence to substantiate the charge is not of a satisfying character. (*People* v. *Scott,* 407 Ill. 301.) We cannot conclude from the record that the defendants were proved guilty of rape beyond a reasonable doubt. Indeed, without a discussion of the further questions of admissibility of evidence and venue which are raised, we are of the opinion that the defendants cannot be properly found guilty on the evidence set forth. It therefore becomes our duty to reverse the judgment of the criminal court of Cook County as being against the weight of the evidence. Since this conviction rests solely upon the testimony of the prosecutrix, and that testimony could be no different at another hearing, there is no reason to remand this cause. The judgment is therefore reversed and the defendants are ordered discharged.

*Judgment reversed.*