(Nos. 36447 and 36515 Cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD JEANOR *et al.,* Plaintiffs in Error.

*Opinion filed November 30, 1961.*

LEONARD N. STEIGER, and ARTHUR J. AHERN, both of Chicago for plaintiffs in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendants, Richard Jeanor, Bernard James and Robert James were indicted in the criminal court of Cook County on a charge of forcible rape. They were tried together before the court without a jury on pleas of not guilty. They were found guilty by the trial judge and Jeanor was sentenced to one year in the penitentiary while Bernard James and Robert James were each sentenced to a term of five years. All defendants are now seeking review on consolidated petitions for writs of error.

The defendants contend that it was not proved beyond a reasonable doubt that they had carnal knowledge of the complaining witness forcibly and against her will; that there was no corroboration of the charge that the acts of intercourse were without consent of the complaining witness; and that the court committed reversible error by striking testimony concerning the bad reputation of the complaining witness.

The circumstances surrounding the alleged crime are for the most part undisputed. The three defendants were

riding in Bernard James's car about 10 P.M. on September 22, 1959, when they encountered the complaining witness, Janice Stoner, age 19, and her friend Sue Schoen standing on the corner of 107th and Ewing in the city of Chicago. Because the girls were being followed by two drunken acquaintances, they asked the defendants to drive them to Sue Schoen's house. The defendants agreed and Janice got in the back seat with defendant Jeanor and Sue got in the front seat between the James boys. They drove to Sue's house and Sue got out of the car. Janice testified that she asked to get out, but Robert James immediately got back in the front seat and she was unable to get out. She made no protest nor did she call to Sue, and the four drove past the Republic Steel plant to an unimproved area near 124th Street where they all drank beer. It is undisputed that Jeanor got out of the back seat and Robert James got in back and had intercourse with Janice. He was followed by Bernard James, and finally by Jeanor. After the defendants had intercourse with Janice, Jeanor asked to go home. He left the car near his house and the James brothers asked where Janice wished to be taken. She then asked, according to her testimony, "Let me off by Avenue O, Wolf Park, or any place." They then discovered she had lost a shoe and drove back to 124th Street, where the James brothers and Janice again had intercourse. She further testified, and defendants denied, that they forced her to perform acts of perversion. They then drove Janice to the home of Susan Schoen where she planned to spend the night.

The only substantial conflict in the testimony centers around the force used by defendants and the consent of the complaining witness. She testified that prior to any act of intercourse, Robert James took a pair of pliers from the glove compartment and threatened to pull out her fingernails if she did not submit. She further testified that at the same time Robert James struck her, and threatened to strike her the second time they went to 124th Street. All defend-

ants deny any threats or force and deny there were pliers in the car, and insist that the complainant submitted voluntarily. It is admitted that Janice undressed herself on both occasions.

It is well settled that to warrant a conviction of rape, it must be proved beyond a reasonable doubt that the accused had carnal knowledge of the complaining witness forcibly and against her will. (*People* v. *Dinenza,* 356 Ill. 118; *People* v. *Housby,* 322 Ill. 142.) Although there is no fixed rule of law as to the degree of force necessary to constitute rape, there must be some satisfactory evidence to demonstrate that the act was against her will. *People* v. *Eccarius,* 305 Ill. 62.

The State contends that it has sustained its burden by the testimony of the complaining witness that Robert James threatened to pull her fingernails out and once struck her with his fist. The State also claims that corroboration of this version of the affair is found in Sue Schoen's testimony that Janice returned to her home at 4:20 A.M., complained about what had happened, and had a bruise on her face. It is undisputed however that Janice had a black eye and bruises received in an altercation two or three days before.

The following morning Janice went to family court with a friend on another matter, but made no complaint to the police until 5 P.M. that evening after she had discussed the matter with Sue Schoen's mother.

The defendants point out that Janice had known the James boys for a long time, had dated and drank beer with Robert James several times before, had slept the preceding night in the James car and had dinner that evening in the James home with Robert and his mother. She originally entered the car freely and made no outcry when Sue Schoen left the car. In the course of their travels they passed the Republic Steel Company four times while a strike was in progress and pickets and at least one police officer were present and she made no outcry although the car windows

were open. There is also no evidence that any force was exerted to compel the complaining witness to return to 124th Street the second time. She further admits drinking beer with defendants after some of the acts complained of. A playground instructor, who knew the complaining witness well, testified that her reputation for chastity was bad. Other evidence of poor reputation was offered but excluded, for which defendants assign error.

From a careful examination of the entire record, we find no sufficient evidence of force or resistance exerted at the time of the acts complained of to justify a conviction of rape. *People* v. *Fryman,* 4 Ill. 2d 224; *People* v. *Tocco,* 413 Ill. 305; *People* v. *Meyers,* 381 Ill. 156.

It is true that when the prosecutrix is overcome by the superior strength of her attacker, or if she was paralyzed by fear, there need be no proof of physical force by the assailant. (*People* v. *Ardelean,* 368 Ill. 274; *Austine* v. *People,* 110 Ill. 248.) We are also reluctant to substitute our judgment for that of the trial court where the evidence is conflicting. *People* v. *Ristau,* 363 Ill. 583; *People* v. *Sciales,* 353 Ill. 169.

Nevertheless we have the duty to examine the entire record, and when the evidence is so unsatisfactory as to leave a substantial doubt as to the guilt of the accused, we must reverse. Accordingly we have reviewed the testimony, giving due weight to the findings of the trial judge. Taking into consideration the admitted conduct of the parties at the times in question, the former relationship of the parties, the lack of resistance offered by the prosecutrix, her failure to make an outcry, and the delay in making a complaint, together with all the facts and circumstances shown by the record, we are left with a grave and substantial doubt that the admitted acts of intercourse were had by force and against the will of the prosecutrix. We must therefore reverse the judgments of the criminal court of Cook County.

*Judgments reversed.*