(No. 21881.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MIKE SCIALES, Plaintiff in Error. ·

*Opinion filed June 22, 1933—Rehearing denied October 6, 1933.*

W. W. O'BRIEN, (THOMAS J. MCCORMICK, and LEONARD C. ROWE, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Mike Sciales, plaintiff in error, (herein called defendant,) was tried without a jury in the criminal court of Cook county and found guilty of the rape of Florence Carroll. Upon denial of his motions for a new trial and in

arrest of judgment he was sentenced to five years' imprisonment in the penitentiary. He brings the case here by writ of error.

At the time of the commission of the offense charged, the prosecutrix was thirteen years old. Her mother worked in a rooming house over a restaurant where the defendant was employed as a cook. On the day alleged, the prosecutrix, who was known to the defendant, called at the rooming house for her mother about nine o'clock in the evening. Learning that her mother had left, she purchased some candy at a near by store and started to return home. On the way she met the defendant, who offered to take her home in his automobile. She accepted the offer and got into the front seat. The defendant stopped his automobile in front of a church at Seminary and Lill streets, in Chicago, and told the prosecutrix to move from the front to the rear seat, saying that if she knew what was good for her she would do as she was told. She moved to the rear seat and was there joined by the defendant, who then had sexual intercourse with her. She testified that she did not make any outcry, as she seemed to have lost her voice. The defendant released her immediately after the act and she walked home, a short distance away. Arriving there she told her people that she did not feel well and went to bed. This was on August 25, 1931, and she told no one about the affair until her mother discovered her pregnancy in the following January. In February, 1932, a warrant was sworn out by the mother for the arrest of the defendant. In April, 1932, the prosecutrix gave birth to twins, one of the babies subsequently dying. She testified that she had never had intercourse with any person except the defendant and with him only on this one occasion.

The defendant admitted that he knew the prosecutrix but denied that he had ever been in her company at any time or had sexual intercourse with her. He was unable to remember how he had spent the evening of August 25,

1931, but was positive that he had not been with the prosecutrix at that time. An effort was made to discredit the story of the prosecutrix by showing that people were seated on a porch a few doors from where she said the defendant had parked his automobile. Much is made of the fact that the prosecutrix said nothing of the attack until months later and did not run away from the parked automobile when she was changing from the front to the rear seat.

The prosecutrix and the defendant were the only witnesses who testified. The trial judge who heard the evidence was, in the absence of a jury, equally empowered to weigh the evidence. We must assume, in the absence of any contrary showing in the record, that the trial judge gave to the witnesses that degree of credit which each one, in his mind, deserved. To impeach the credibility of the defendant, and for that purpose only, the People introduced in evidence, under a stipulation with the defendant, the record of his indictment, conviction and sentence for an infamous crime—that of rape in 1931. *People* v. *Sciales,* 345 Ill. 118.

Several errors are assigned, but the only one argued, and therefore the only one necessary for us to consider, is that the finding of the trial court was against the weight of the evidence. We find no errors of law in the record. Under these circumstances the question of the weight of the evidence was for the trial judge, who heard and saw the witnesses and who was therefore in much better position to determine which witness was worthy of belief than we would be from an examination of the record. (*People* v. *Martin,* 304 Ill. 494.) The testimony of the prosecutrix, uncorroborated by other witnesses, may be sufficient to justify a conviction for rape. (*People* v. *Sciales, supra; People* v. *Andreanos,* 323 Ill. 34.) No issue of fact as to the commission of statutory rape is involved here, as the birth of twins to prosecutrix removed that oft-debated question from the case. The only question for the trial

judge to decide was whether the defendant committed the act. In order to reverse the trial court it would be necessary for us to be convinced that the prosecutrix was mistaken or untruthful in charging the defendant with the crime. This issue was peculiarly one for the trial judge to determine. An examination of the record shows that the defendant had a fair trial and that the trial judge was warranted in believing that he was guilty of rape, as charged.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*