(No. 27081.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK BOLIN, Plaintiff in Error.

*Opinion filed May 20, 1943.*

MARTIN O. WEISBROD, and HARRY J. BUSCH, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On a trial before the criminal court of Cook county without a jury, plaintiff in error was found guilty of the crime of forcible rape and sentenced to a year in the penitentiary. A writ of error was issued out of this court and the record is here for review.

It is urged that plaintiff in error was not proved guilty beyond a reasonable doubt. The question of fact is limited, since plaintiff in error admits the act of intercourse, but claims it was done with consent of prosecutrix, while she testified it was committed forcibly and against her will.

Prosecutrix, a single woman aged 24, lived with her parents and other members of her family in Chicago. On the evening of July 17, 1942, she left her home in her brother's automobile with him and his family. At the intersection of Sixty-third street and Western avenue, they met a young girl friend of prosecutrix and she got in the car with them. In a short distance they stopped for a stop-and-go light and while waiting plaintiff in error drove his automobile along the side of the car in which prosecutrix was riding. Prosecutrix did not know him at the time but her friend did. After an exchange of brief greetings, they drove away and met at the intersection of Cottage Grove avenue and Sixty-third street. The two girls alighted from their automobile and soon engaged in conversation with plaintiff in error. They all went to a nearby dance hall. The girls were admitted but plaintiff in error, being without a coat, was unable to gain admittance and went to an inn in the immediate vicinity. The girls met plaintiff in error at the inn about 11:00 or 11:30. After a few minutes in the inn, plaintiff in error proposed to take the girls to their homes. They accepted, and prosecutrix's associate was taken to her home, and then plaintiff in error started driving with prosecutrix. After driving a few blocks, prosecutrix told him she wanted to go home and plaintiff in error assured her that she would be home at her appointed time of 1:00 A. M. When they arrived in the vicinity of Ninety-fourth street and Pulaski road, plaintiff in error drove his automobile on to a dirt road and stopped near a grove of trees. Both parties testified that plaintiff in error got out of the car for a few minutes. He testified that it was necessary for him to have relief

from the excessive drinking of beer. Prosecutrix remained in the car and when plaintiff in error returned he made advancements toward her which she says she resented, but which he says she invited. She testified that she got out of the car and was running back to the main-traveled highway, that plaintiff in error ran after her, caught her around or below the waist and threw her to the ground, that her shoe came off and while plaintiff in error was holding her on the ground she promised him that she would not undertake further escape if he would permit her to put her shoe ' on. After recovering her shoe, she says she made four more attempts to escape, that each time plaintiff in error ran after her, caught her and on at least two occasions she was thrown to the ground, that the last time he caught her he held her to the ground, twisted her arm, forcing her to unfasten her clothes, that he removed her undergarment, threatened her and that under such circumstances the act was committed. She testified that she was faint, out of breath, that she kicked him, pushed him and at times holloed. She says she did not bite or scratch him. Plaintiff in error testified that when prosecutrix left the car and started toward the main highway, she stepped into a depression in the ground and fell, that he got out of the car and helped her up; that she then started to the public road, that he went after her, took her by the hand and said: "Come on back, I will take you home;" she pulled away from him two or three times and finally he persuaded her to get in the car and that he then said: "I brought you out here and I will take you home." Plaintiff in error testified he then threatened prosecutrix and after a few minutes in the car they both got out and the act was committed under circumstances which would indicate that prosecutrix withheld express consent but that she did not give further resistance.

Prosecutrix testified that after the act was committed she started toward the main road to obtain a ride to her

home but that plaintiff in error followed her and commanded her to get in the car, that she was afraid of him and entered the car and he took her within a short distance of her home.

Before the crime was committed prosecutrix was carrying a purse and when she got out of the car and started for the road, some of the contents fell out. She testified that her resistance caused the purse to open. Plaintiff in error says the purse flew open when she fell. However, when plaintiff in error was arrested the morning after the occurrence, he told police that he had sexual intercourse with prosecutrix the night before, and went with the police to identify the scene of the offense. While there the officers found a fountain pen and lipstick case, which the evidence shows belonged to prosecutrix and which were in her purse that night. The stockings which prosecutrix was wearing on the night in question were introduced in evidence and it appears that they had holes torn in them about the knees.

As soon as prosecutrix arrived home she told her parents what had occurred, a doctor was called and the matter was reported to the police. The father testified to scratches and bruises on her lower limbs and scratches on her arms which were bleeding, and that she complained of pains in her stomach. The doctor corroborated the father as to the scratches and bruises and stated that he treated such injuries. Plaintiff in error offered the testimony of four witnesses who saw prosecutrix within two days after the occurrence, and all of them testified that they had an opportunity to observe the condition of her limbs, and that they were clear of scratches or bruises except as to one small scratch on her arm.

If the act was committed under the circumstances related by prosecutrix, it is evident that the finding of the court is amply sustained. If it occurred in the manner testified to by plaintiff in error, it would appear that the crime was

committed without a showing of force necessary to prove the crime of rape.

It has been stated repeatedly that where a cause is tried without a jury the law commits to the trial judge the determination of the credibility of the witnesses and of the weight to be accorded to their testimony, and where the evidence is merely conflicting, this court will not substitute its judgment for that of the trial court. (*People* v. *Ristau*, 363 Ill. 583; *People* v. *Overbey*, 362 Ill. 488; *People* v. *Sciales*, 353 Ill. 169.) There is sufficient corroboration of the evidence of prosecutrix to sustain the finding of guilt.

Plaintiff in error complains that the trial court did not give full consideration to his motions for a new trial and in arrest of judgment, in that each motion was overruled without giving him an opportunity to be heard. The evidence was short and it does not appear that plaintiff in error had any question of law to present in support of either motion. Under such circumstances, the immediate overruling of the motions is not error. *People* v. *Novak*, 370 Ill. 220; *People* v. *Krotz*, 341 Ill. 214.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*