(No. 27162.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NORMAN COX, Plaintiff in Error.

*Opinion filed September 21, 1943.*

WHITNEY, TEITELBAUM & FREEMAN, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and DAVID LEEDS, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On a trial in the criminal court of Cook county without a jury, plaintiff in error, Norman Cox, was found guilty of the crime of forcible rape and sentenced to two years in the penitentiary. A writ of error has been sued out of this court to review the record.

As grounds for reversal, plaintiff in error contends that evidence offered by him was improperly excluded, that a statement or confession was improperly admitted. and that his guilt was not established beyond a reasonable doubt.

Prosecutrix, a single woman, aged 17, was a professional skater and participated in roller skating derbies. On the evening of March 31, 1942, she and another young woman were at a skating arena located at 4444 Broadway, Chicago, where they met plaintiff in error. Prosecutrix testified that she had not met him prior to that evening, but plaintiff in error testified he had known her for some time. Near midnight prosecutrix and her girl friend left the arena in an automobile with plaintiff in error, whom she knew only as "Zeke," and four other young men. The only identification in the record of the other four is by the names of "Babe," "Bill," "Cy" and "Prince." They drove on the Outer Drive and various streets. They stopped at one place and purchased a bottle of liquor, at another time they stopped at a pool room, and later at a drug store at Sheridan road and Montrose avenue. Prosecutrix's home was approximately five blocks from this drug store. Some of the members of the party were drinking but there is a conflict in the evidence as to whether prosecutrix merely tasted it or drank to such an extent as to become somewhat intoxicated. Prince left the party when they stopped at the drug store and another referred to in the record as "Sabu" joined them. Soon after leaving the drug store, the second girl was taken to her home. During the time when both girls were in the automobile, Cy made improper advances toward prosecutrix. Both girls protested such conduct and threatened to leave the automobile and go home on the street car. On promises of better behavior the girls remained in the automobile. At one time the second girl took charge of the automobile and drove it. All agree that after the second girl went home, plaintiff in error, Babe, Bill and Sabu continued to drive with prosecutrix on various streets. She testified that she insisted on being taken home but that her requests were ignored. Plaintiff in error denied she made any such requests and gave evidence which would indicate she sug-

gested that the second girl be taken home so that they would not be restrained in their conduct by her presence. It is conceded that while they were driving in the vicinity of Lincoln and Devon avenues, Cy was in a compromising position with prosecutrix in the rear seat of the car. Prosecutrix says he forcibly raped her, that she screamed, kicked and tried to escape from the car but that Cy tore her undergarments, pinned her left arm behind her and held her in his grip while he committed the crime. Plaintiff in error testified that what Cy did was accomplished without resistance from prosecutrix. She testified that after the illicit act with Cy, plaintiff in error entered the rear of the automobile, that Cy held her feet while plaintiff in error pinned her arm behind her and had sexual intercourse with her and that she resisted by screaming, kicking and fighting. Plaintiff in error denies that he assaulted her in any manner. Prosecutrix stated that the others present in the car, except Sabu, followed in the commission of the same crime and testified to facts which would indicate she resisted to the utmost of her physical strength. Plaintiff in error testified that prosecutrix was a willing participant to whatever any of them did to her. Prosecutrix was taken home about 5:00 A. M. She immediately told her father and married sister of the happenings of the night. The police were notified and that evening plaintiff in error was taken into custody. A doctor who made a physical examination of prosecutrix the day following the incident testified that he found a bump on the back of her head, that the external parts of her vagina were swollen, inflamed and torn, and that the hymen was discolored and torn. As a medical expert he stated that in his opinion the injuries to the hymen had occurred within twenty-four hours previous to the examination.

Plaintiff in error called Kay O'Donnell, a girl friend of prosecutrix, as a witness. On direct examination she testified to a long acquaintance with prosecutrix and of

their being together on dates with various young men other than plaintiff in error, all of which occurred prior to March 31, 1942. Plaintiff in error's counsel then asked the witness if she knew of her own knowledge, acquired from such associations, whether prosecutrix was a virgin. An objection was sustained. The rejection of such evidence was assigned as error in the motion for a new trial and an affidavit of the witness was attached to the motion. The affidavit recited more details in reference to the circumstances and as to how she acquired the knowledge of the fact about which she was questioned. The substance of the admissions, which it is alleged prosecutrix made, was that during the month of November, 1941, prosecutrix had told her that she had sexual intercourse with various men. It does not appear that plaintiff in error was included as one of them. The rejection of such evidence is assigned as error and in support it is argued that it was admissible in rebuttal to the doctor's testimony where he stated that in his opinion the injury to the hymen had occurred within twenty-four hours of the time when he made the examination.

The doctor's testimony was admissible in corroboration of prosecutrix's claim that the act of sexual intercourse was accomplished with force. But the question propounded to Kay O'Donnell called for the witness's conclusion as to a physical condition of prosecutrix, a matter upon which she had no information to base such a conclusion except the inference she might draw from what prosecutrix had told her about her relations with other men. This was not proper for the purposes offered. The evidence was not offered for impeachment of prosecutrix, for she had not testified in regard to her virginity. Plaintiff in error defended the charge preferred against him on the ground that the act of sexual intercourse never occurred and under such a defense evidence as to the virtue of the prosecutrix was not material.

The general rule is that where the defense to a charge of forcible rape is consent and the woman is of the age of consent, evidence of her bad character for chastity is competent as having a bearing upon the probability of her consent to the act with which the defendant is charged. The underlying thought is that it is more probable that an unchaste woman would assent to such an act than a virtuous woman, but in that case the evidence must be confined to general reputation for chastity before the act charged. (*People* v. *Allen*, 289 Ill. 218; *Shirwin* v. *People*, 69 Ill. 55.) Plaintiff in error relies upon the latter case in support of his contention that such evidence was admissible, but the facts in that case are not the same as in the instant case. The facts which supported the holding that made for the exception to the general rule are not present here.

Plaintiff in error contends that there was error in the admission of the confession which he made while in the custody of the police. During the night following his arrest, he was interrogated by the police as to his part in the attack and the identity of his companions. During the evening his father talked with him at the station and asked certain questions in regard to his part in the crime. It does not appear that the father was present when the confession was made about 2:30 on the morning of April 2. The confession was in the form of questions and answers. The answers fully corroborate prosecutrix's testimony as to the forcible attack by Cy, followed by plaintiff in error and the criminal assault on the part of the others. There is no claim that the statement was not voluntary or that force, intimidation or promise of immunity was made. It is argued that plaintiff in error had been intoxicated for some forty hours prior to that night and that by reason of his tired, dazed and worn condition, caused by such long period of intoxication, the confession could not be considered as having been made voluntarily. We cannot

623

agree. The confession was properly admitted in evidence. *People* v. *Guido,* 321 Ill. 397; *People* v. *Fox,* 319 Ill. 606; *People* v. *Sweeney,* 304 Ill. 502.

The young fellow named Sabu who was called as a witness and whose real name appears to be Sam Joseph, was called as a court witness. In part he corroborated the testimony of prosecutrix, but his evidence is so indefinite, uncertain and unreliable that little weight can be attached to it. As to the events of the evening which occurred before the second girl left the party, there is corroboration in her testimony and the evidence of plaintiff in error. As to the events that occurred when prosecutrix was the only girl in the car, there is corroboration as to her claims in the doctor's evidence. In fact, there is much in the evidence of plaintiff in error and in his confession that corroborates her. Two witnesses testified to plaintiff in error's general reputation and the evidence of his other witnesses was to impeach prosecutrix's claim as to her whereabouts and physical condition for two or three days next following the night when the illicit acts occurred.

The repeated holdings of this court are that where a cause is tried without a jury, the law commits to the trial judge the determination of the credibility of the witnesses and of the weight to be accorded to their testimony, and where the evidence is merely conflicting this court will not substitute its judgment for that of the trial court. (*People* v. *Bolin,* 383 Ill. 189; *People* v. *Elder,* 382 Ill. 388; *People* v. *Ristau,* 363 Ill. 583; *People* v. *Overbey,* 362 Ill. 488; *People* v. *Sciales,* 353 Ill. 169.) There is sufficient corrobation to the evidence of prosecutrix to sustain the finding of guilt.

Finding no reversible error in the record, the judgment of the criminal court is affirmed.

*Judgment affirmed.*