THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY J. HALLIDAY, Defendant-Appellant.

Fifth District   No. 5—84—0633

Opinion filed December 18, 1985.

Randy E. Blue and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle

and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

The issue defendant presents for review is whether, in defendant's trial for involuntary manslaughter, the trial court erred by refusing to give defendant's tendered jury instruction defining negligence.

We note at the outset that the offense with which the defendant was charged, involuntary manslaughter, requires the State to show that the perpetrator's mental state was one of recklessness. (Ill. Rev. Stat. 1983, ch. 38, par. 9—3.) Defendant's theory, however, is that his acts were negligent, with the result that he is not guilty of involuntary manslaughter. The Illinois criminal statutes define negligence as the failure to be aware of a substantial and unjustifiable risk (Ill. Rev. Stat. 1983, ch. 38, par. 4—7), while recklessness is defined as the conscious disregard of such risk (Ill. Rev. Stat. 1983, ch. 38, par. 4—6). The instruction tendered by the defendant, Illinois Pattern Jury Instruction, Criminal, No. 5.02 (2d ed. 1981), essentially repeats the Illinois statutory definition of negligence. The Illinois Supreme Court has held that "[c]riminal liability cannot be predicated upon every act carelessly performed merely because such carelessness results in the death of another. Negligence, to become criminal, must necessarily be reckless or wanton and of such a character as to show an utter disregard of the safety of others under circumstances likely to cause injury." (People v. Sikes (1927), 328 Ill. 64, 74, 159 N.E. 293, 297.) Since it is evident that simple negligence cannot form the basis for a homicide prosecution in Illinois, the defendant employs his negligence argument to show that he was not reckless and, therefore, not guilty.

■ The defendant relies on the well-accepted rule that the jury in a criminal case should be instructed as to any theory of the case that may reasonably be inferred from the facts. (People v. Fryman (1954), 4 Ill. 2d 224, 122 N.E.2d 573.) Since the defendant here claims that the shooting was the result of his negligence, he argues that so long as the alleged negligence can be inferred from the record, he was entitled to an instruction on that theory, even if the quantum of evidence in support of that theory was slight. People v. Stamps (1982), 108 Ill. App. 3d 280, 297, 438 N.E.2d 1282, 1296.

The State responds that a defendant is never entitled to a negligence instruction in a homicide prosecution because such instruction is an inverted way of instructing the jury regarding the elements of the offense and is unnecessary. The State relies on the case of People v. Witherspoon (1973), 55 Ill. 2d 18, 302 N.E.2d 3, which held that there

was no need to instruct the jury as to the former defense of "death by misadventure" since that defense was no longer the law in Illinois and the instruction served merely to tell the jury to find the defendant not guilty if the mental state required for the charged offense was lacking. According to the State, the defendant here attempts to revive the issue disposed of in *Witherspoon* by calling it negligence rather than "death by misadventure." It is the State's position that since the jury was properly instructed as to the elements of the offense, the giving of a negligence instruction would merely have been an unnecessary, inverted instruction regarding recklessness that would have, in all likelihood, confused the jury.

■ It must be kept in mind that the thrust of defendant's case, as presented to the jury, was that he did not possess the requisite reckless intent to cause the victim's death. However, an instruction defining recklessness was before the jury and, based on that definition, the jury was capable of finding that defendant either did or did not possess the required mental state of recklessness. At best, the tendered instruction tells the jury to find the defendant not guilty if the mental state of recklessness is lacking. It does not add anything but a negative, inverted instruction on recklessness despite the presence of an instruction which does in fact define the required mental state of recklessness. Moreover, as urged by the State, the negligence instruction offered here did nothing more than define the term negligence. No explanation for the inclusion of that definition was given so that the jury, in all likelihood, would not have understood the intended purpose of the inclusion of such an instruction. The tendered negligence instruction would have done no more than to tell the jury to find the defendant not guilty if he did not possess the requisite reckless mental state. The instructions that were actually given to the jury did that. Therefore, the negligence instruction would not have aided the jury in determining whether defendant lacked the requisite mental state since the instructions that were given set forth the elements of the offense, and those elements do not include negligence.

We must conclude that the trial court's failure to give the defendant's tendered instruction on negligence was not error, and therefore affirm the judgment of the circuit court of Jackson County.

Affirmed.

WELCH and JONES, JJ., concur.