THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY COLEMAN, Defendant-Appellant.

First District (4th Division)   No. 85—0419

Opinion filed October 29, 1987.—Modified on denial of rehearing
March 3, 1988.

Steven Clark, Michael Pelletier, and Jeffrey Walker, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Kenneth T. McCurry, and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Following a jury trial, defendant Anthony Coleman was convicted of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14) and attempted armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 8—4). He was sentenced to an extended term of 40 years' imprisonment with respect to the aggravated criminal sexual assault conviction and an extended term of 20 years with regard to the attempted armed robbery offense, sentences to run concurrently.

On appeal, defendant raises numerous questions for review. He challenges the constitutionality of the criminal sexual assault act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 12—1 et seq.) on the grounds that (a) the Act is overbroad and void for vagueness, in violation of due process, and (b) the Act's consent defense is vague, in violation of due process, and (c) the Act's consent defense required defendant to prove the victim's consent beyond a reasonable doubt, in violation of due process.

Defendant also argues that errors in the jury instructions necessitate a new trial. He contends that the instructions violated due process because they required defendant to prove the victim's consent beyond a reasonable doubt, and did not inform the jury that it was the State's burden to prove lack of consent beyond a reasonable doubt. Defendant also maintains that the jury should have been instructed on the offense of criminal sexual assault, on the premise that criminal sexual assault is a lesser included offense to aggravated criminal sexual assault.

Defendant further attacks the fairness of his trial on other grounds. He asserts that the State failed to comply with his discovery

request for the past criminal records of the State's witnesses, thus prejudicing his defense at trial. He also claims that he received ineffective assistance from his trial attorney, who, *inter alia*, demanded trial before he had read the criminal sexual assault act or the indictment filed against the defendant.

With respect to the validity of his convictions and the sentences imposed therefor, defendant argues that the mittimus shows that he was convicted of three counts of aggravated criminal sexual assault. Defendant maintains that because all three convictions are based on the same physical act, two of the assault convictions must be reversed. He further contends that remand for resentencing is required with regard to the remaining aggravated criminal sexual assault conviction. Also, defendant asserts that the extended-term sentence for attempted armed robbery must be reduced and that remand for resentencing is appropriate with respect to that offense as well.

BACKGROUND

Defendant was convicted for the aggravated criminal sexual assault and attempted armed robbery of an adult woman in Chicago on September 3, 1984. The victim was walking alone on a sidewalk at about 1:30 a.m. A man who had been walking behind her, whom she later identified as the defendant, approached her, told her his car had broken down, and walked alongside her. As she came to the back porch of her house, the defendant grabbed her, put a knife to her throat, and demanded money. The victim stated she had no money, and opened her purse to show him. The defendant then forcibly led the victim to a nearby garage, where he sexually assaulted her. Thereafter he forcibly led her out of the garage and through to the street, where he eventually released her.

Lamar Taylor (Taylor) testified at trial that he was walking on the other side of the street, in the opposite direction, as he saw a man whom he later identified as the defendant approach the victim. Taylor also saw the defendant when the defendant first grabbed the victim, and later as the defendant led the victim at knifepoint across a street. He followed, but could not locate the victim or the defendant.

An officer of the Chicago police department testified that, in response to a radio call of a man requesting help, he and his partner drove to the area, spoke to Taylor, and searched garages and backyards. The officers noticed a man running, pursued him, and apprehended him under a porch. The officers identified defendant as that individual. One of the officers had also discovered the victim during pursuit of the defendant. She identified defendant as her assailant

when he was apprehended, in the presence of the police officer.

Defendant testified that he had been drinking beer at a neighborhood lounge. He stated that the victim approached him and asked him to walk her to her home. During the walk, the victim indicated that she wished to have sex with him. Eventually the victim led the defendant to a garage, where they engaged in intercourse. Thereafter the pair left the garage and parted company. As defendant was walking alone, he was arrested by the police.

An assistant State's Attorney testified in rebuttal that she interviewed defendant a few days after the crime. At that time, defendant stated that he had had sexual intercourse with the victim while under a porch, and denied ever being in a garage on the night in question.

Defendant was convicted and sentenced as previously noted, and now appeals.

OPINION

■ Defendant argues that the criminal sexual assault act violates due process, in that it is overbroad and void for vagueness and requires a defendant to prove lack of consent beyond a reasonable doubt. In *People v. Haywood*, the Illinois Supreme Court found the Act in accord with due process with respect to the claims presented by the defendant here. (*People v. Haywood* (1987), 118 Ill. 2d 263.) As a result, we find no error on this basis.

■ Defendant also claims that the Act is unconstitutionally vague in violation of due process, because all sexual penetration as defined in the Act also amounts to sexual conduct as defined in the Act. He maintains that because of this overlap in the definitions of sexual penetration and sexual conduct, the Act delegates the determination of whether an alleged offense constitutes criminal sexual assault (*i.e.*, an act of sexual penetration) or criminal sexual abuse (*i.e.*, an act of sexual conduct) to law enforcement officials, judges, and juries, without the requisite standards to guide their judgment.

"Sexual penetration" under the Act is defined as "any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration." (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(f).) "Sexual conduct" is defined as "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13

years of age, for the purpose of sexual gratification or arousal of the victim or the accused." Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e).

We determine that the definitions of sexual conduct and sexual penetration are not vague in violation of due process. The definition of "sexual conduct" essentially involves touching or fondling in order to achieve sexual gratification or arousal. (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e).) "Sexual penetration," in comparison, requires "contact *** between the sex organ of one person and the sex organ, mouth or anus of another person," or the "intrusion *** of any part of the body of one person or of any animal or object into the sex organ or anus of another person." (Ill. Rev. Stat. 1985, ch. 38, pars. 12—12(f).) The circumstance that certain acts may amount to sexual conduct as well as sexual penetration does not render the Act's definitions vague. Instead, it merely indicates that criminal sexual abuse is a lesser included offense to criminal sexual assault. See *People v. Johnson* (1987), 161 Ill. App. 3d 551; *People v. Boyer* (1985), 138 Ill. App. 3d 16, 485 N.E.2d 460.

The recent decision of *People v. Winfield* (1987), 160 Ill. App. 3d 983, does not contradict our conclusion. In *Winfield*, the defendant was charged with both criminal sexual assault and criminal sexual abuse. Following a bench trial, he was found guilty of criminal sexual abuse, but not criminal sexual assault, on the ground that the State's evidence failed to prove "penetration." Upon review, the appellate court determined that errors in certain nonessential language in the State's charging instruments did not mandate reversal of the defendant's convictions. In reaching this conclusion, the court reasoned that the State's evidence established that the defendant had committed an act of "sexual conduct," but did not show that the defendant had committed an act of "sexual penetration," and observed that "sexual penetration" is distinguishable from "sexual conduct" under the Illinois Criminal Code. (160 Ill. App. 3d 983, 990-91.) We agree with this observation, and find defendant's argument that the Act is vague with respect to the definitions of "sexual penetration" and "sexual conduct" insufficient basis to reverse his convictions.

■ Defendant also asserts that he is entitled to a new trial because the jury instructions required him to prove consent beyond a reasonable doubt, in violation of due process. He maintains that the jury should have been instructed that the State bore the burden of proving lack of consent beyond a reasonable doubt.

The defendant's claim regarding the burden of proof with respect to the defense of consent in a sexual assault case is accurate. As the Illinois Supreme Court stated in *People v. Haywood*:

"Although the definition of criminal sexual assault under section 12—13(a)(1) does not refer to either compulsion or consent, this does not mean that consent of the victim is irrelevant in determining whether there was an offense. In common understanding, if it is said that one was forced to perform an act, it follows that the person's act was nonconsensual; and if one freely consents to the performance of an act upon oneself, clearly that person has not been forced. Thus, although the prosecution is not required to prove nonconsent formally, it is obvious that if the prosecution shows that there was an act of sexual penetration by force, that evidence demonstrates that the act was nonconsensual. To prove the element of force is implicitly to show nonconsent. Too, if force is established it would be redundant to require a separate showing of nonconsent as part of the prosecution's case in chief. Thus, consent is made a defense to be raised by the accused to rebut evidence of force presented by the State. It is clear from the legislative debates, however, that if the accused raises a question of the consent, the State has a burden of proof beyond a reasonable doubt on the issue of consent as well as on the issue of force. [Citation.]" *People v. Haywood* (1987), 118 Ill. 2d 263, 274.

In the case at bar, the jury was instructed concerning the elements of the offense of aggravated criminal sexual assault as follows:

"To sustain the charge of aggravated criminal sexual assault, the State must prove the following propositions:

First: That the defendant committed an act of sexual penetration with [the victim]; and

Second: That the act of sexual penetration was committed by the use of force or threat of force; and

Third: That the defendant threatened to use a dangerous weapon as to lead [the victim] under the circumstances reasonably to believe it to be a dangerous weapon; or That the defendant acted in such a manner as to threaten the life of [the victim]; or That the criminal sexual assault committed against [the victim] was perpetrated during the course of the attempted commission of armed robbery by the defendant.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

The trial court also instructed the jury in the following manner on the issue of consent:

> "It shall be a defense of aggravated criminal sexual assault that the victim consented. 'Consent' means a freely given agreement to the act of sexual penetration or sexual conduct in question. Lack of verbal or physical resistance or submission by the victim resulting from the use of force or threat of force by the accused shall not constitute consent."

■ Defendant maintains that the failure to properly instruct the jury amounted to plain error. We agree. The jury should have been instructed that the State was obligated to prove the elements set out above in the court's instructions and the proposition that the victim had not consented. The failure to properly instruct the jury on the State's burden to prove lack of consent beyond a reasonable doubt was grave error, necessitating a new trial. See 87 Ill. 2d R. 451(c); Illinois Pattern Jury Instructions, Criminal, No. 11.34, Committee Notes (1985); *People v. Thurman* (1984), 104 Ill. 2d 326, 329-30, 472 N.E.2d 414; *People v. Berry* (1984), 99 Ill. 2d 499, 505-06, 460 N.E.2d 742; *People v. Lowe* (1987), 152 Ill. App. 3d 508, 510-12, 504 N.E.2d 955, *appeal allowed* (1987), 115 Ill. 2d 546.

■ Because we determine that defendant's convictions must be reversed and the cause remanded for a new trial, we need consider only defendant's remaining claims to the extent that they are likely to arise on remand. On this basis, therefore, we need address only defendant's assertion that the jury should have been instructed on the offense of criminal sexual assault, on the premise that criminal sexual assault is a lesser included offense to aggravated criminal sexual assault. In *People v. Johnson*, this court held criminal sexual assault to be a lesser included offense to aggravated criminal sexual assault. (*People v. Johnson* (1987), 161 Ill. App. 3d 551, 558, citing *People v. Boyer* (1985), 138 Ill. App. 3d 16, 485 N.E.2d 460.) However, it is error to instruct the jury regarding a lesser included offense where the evidence supports only the conclusion that the defendant, if guilty at all, is guilty of the crime charged. (See, *e.g., People v. Lockett* (1980), 82 Ill. 2d 546, 551, 413 N.E.2d 378.) As a result, we find no error in the trial court's refusal to instruct the jury with respect to the lesser included offense of criminal sexual assault.

■ In closing, we note that the State has conceded that the mittimus may erroneously indicate that defendant was convicted of three counts of aggravated criminal sexual assault when he was actually convicted of only one count of this offense. The State has also conceded that defendant should have been sentenced to an extended term

only with regard to one count of aggravated criminal sexual assault, and that his sentence to an extended term with respect to attempted armed robbery was in error. (See *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569; *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838; *People v. Locascio* (1985), 137 Ill. App. 3d 201, 484 N.E.2d 451.) Because we reverse defendant's aggravated criminal sexual assault conviction and remand for a new trial, we also vacate defendant's attempted armed robbery sentence, erroneously entered for an extended term, and remand the matter for resentencing.

For the reasons stated, the defendant's conviction of aggravated criminal sexual assault is reversed and remanded for a new trial. Defendant's sentence for attempted armed robbery is also vacated and remanded for resentencing.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.