THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEROY ROLLINS, Defendant-Appellant.

Second District   No. 2—89—0543

Opinion filed April 2, 1991.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva (Kevin T. Busch, Assistant State's Attorney, and William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Following a jury trial in the circuit court of Kane County, defendant, Leroy Rollins, was found guilty of criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)) and was sentenced to a 15-year term of imprisonment.

On appeal, defendant contends that the circuit court committed grave error when it failed specifically to instruct the jury that the State was required to prove beyond a reasonable doubt that the complaining witness did not consent to the act of sexual penetration.

In view of the single issue raised, it is only necessary to summarize briefly the evidence at trial.

The complainant testified that, while he was incarcerated in cellblock 163 of the Kane County jail on pending charges, defendant forced him to engage in an act of anal penetration against his will. Another inmate verified the threat of force by defendant, although he did not witness the act.

Defendant's version was that the complainant willingly engaged in the sexual act. A sheriff's deputy investigating the incident testified that defendant at first denied any sexual contact with the complainant but the next day admitted the sexual act, claiming it was performed with the complainant's initiation and consent.

Defendant argues on appeal that, because his defense was that the sexual act was performed with the complainant's encouragement and consent, the jury should have been specifically instructed that the State bore the burden to prove beyond a reasonable doubt that the complainant never consented to the act. Although acknowledging that

he did not object to the omission of this element in the State's tendered issues instruction, he contends that this omission is grave error that requires reversal pursuant to Supreme Court Rule 451(c) (134 Ill. 2d R. 451(c)); see also *People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487.

The jury was given, without objection, the following instructions:

"To sustain the charge of Criminal Sexual Assault, the State must prove the following propositions:

First: That the Defendant committed an act of sexual penetration upon [the complainant], and,

Second: That the act was committed by the use of force or threat of force.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant *not guilty.*

It is a defense to the offense of Criminal Sexual Assault that [the complainant] consented.

The word 'consent' means a freely given agreement to the act of sexual penetration in question. Lack of verbal or physical resistance or submission by the victim resulting from the use of force by the Defendant shall not constitute consent.

\*\*\*

The term 'force or threat of force' means the use of force or violence, or the threat of force or violence, including but not limited to when the accused threatens to use force or violence on the victim, and the victim under the circumstances reasonably believed that the accused had the ability to execute that threat."

When this case was tried before the jury in February 1989, the Illinois Pattern Jury Instructions, Criminal (2d ed. Supp. 1987) (hereinafter IPI Criminal 2d (Supp. 1987)) did not list as an element of the offense of criminal sexual assault that the State prove that the victim did not consent to the act of sexual penetration. (See IPI Criminal 2d No. 11.32 (Supp. 1987).) However, the committee note to IPI Criminal 2d No. 11.32 (Supp. 1987) did recommend that, when proof of force or threat of force is an element of the offense *and* the defense of consent is raised by the evidence, the jury should be given an instruction that the State must prove the victim did not consent to the act of sexual penetration. IPI Criminal 2d No. 11.32 (Supp. 1987), committee

note; see also *People v. Haywood* (1987), 118 Ill. 2d 263, 274, 515 N.E.2d 45.

The State concedes that under IPI Criminal 2d No. 11.32 (Supp. 1987), the court should have included in the instruction on the State's burden of proof the element that the victim did not consent to the act of sexual penetration. It argues, however, that the issue is waived by the failure of defendant to object at the conference on instructions and to offer an alternative instruction to the court. The State further contends that the grave error exception to the waiver rule is inapplicable under the circumstances here because the case was not close nor was defendant denied a fair trial by omission of this part of the instruction. In particular, the State maintains the instructions taken as a whole and the statements and arguments to the jury by counsel for both parties informed the jury that the State had the burden to prove the victim did not consent to the sexual act.

The same issue presented here arose in the context of trials for the offense of aggravated criminal sexual assault in *People v. Coleman* (1987), 166 Ill. App. 3d 242, 520 N.E.2d 55, and *People v. Roberts* (1989), 182 Ill. App. 3d 313, 537 N.E.2d 1080, with contrary holdings. In *Coleman*, the court held that the failure to instruct the jury on the State's burden to prove lack of consent beyond a reasonable doubt was grave error requiring reversal even though the jury was instructed that consent was a defense. (*Coleman*, 166 Ill. App. 3d at 248, 520 N.E.2d at 59.) In *Roberts*, however, the court held that nonconsent is properly proved by inference when the State proves "force or threat of force" which was set forth in the jury instructions as an element of the offense to be proved by the State. (*Roberts*, 182 Ill. App. 3d at 317, 557 N.E.2d at 1083.) Accordingly, the court found that the failure to instruct the jury that the State had the burden to prove lack of consent was not grave error and, further, that even were it to be error, any error would be harmless beyond a reasonable doubt. *Roberts*, 182 Ill. App. 3d at 319, 557 N.E.2d at 1084.

For the reasons that follow, we are persuaded that the holding in *Roberts*, which examines all the circumstances, including all the instructions to the jury, the statements of counsel, and the weight of the evidence, is the proper approach, rather than *Coleman*, which appears to adopt a *per se* rule of grave error when the jury is not specifically instructed in an issues instruction that the State has the burden to prove nonconsent.

In *People v. Haywood* (1987), 118 Ill. 2d 263, 515 N.E.2d 45, our supreme court stated that force and consent are opposites in the context of the offense of criminal sexual assault and that to prove the el-

ement of force is implicitly to show nonconsent. (*Haywood*, 118 Ill. 2d at 274, 515 N.E.2d at 50.) In *People v. Layhew* (1990), 139 Ill. 2d 476, 564 N.E.2d 1232, the supreme court held, in circumstances analogous to the case at bar, that the failure to instruct the jury specifically of the presumption of defendant's innocence and that the State had the burden of proving defendant guilty beyond a reasonable doubt in order to protect defendant's right to a fair trial, although error, does not automatically result in a finding of a violation of the right to a fair trial requiring reversal. (*Layhew*, 139 Ill. 2d at 486, 564 N.E.2d at 1236-37.) The court held that a reviewing court must determine whether the defendant received a fair trial in light of all the circumstances, including all the instructions to the jury, the arguments of counsel, and whether the weight of the evidence was overwhelming. (*Layhew*, 139 Ill. 2d at 486, 564 N.E.2d at 1237, citing *Kentucky v. Whorton* (1979), 441 U.S. 786, 789, 60 L. Ed. 2d 640, 643, 99 S. Ct. 2088, 2090.) Although conceding that the evidence in the case before it was short of overwhelming, the court concluded the omission of the basic burden of proof instruction was not reversible error because the jury was properly informed that the State carried the burden of proof beyond a reasonable doubt, the trial judge during *voir dire* repeatedly invoked the presumption of innocence and the standard of proof beyond a reasonable doubt, and defendant's attorney repeatedly stressed the State's burden of proof throughout the trial and that certain of the instructions that the jury did receive referred to the standard of proof beyond a reasonable doubt. *Layhew*, 139 Ill. 2d at 489-92, 564 N.E.2d at 1237-39.

We note, too, that in *People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248, another analogous case, the supreme court refused to reverse the defendant's conviction of murder even though the trial court had failed to instruct the jury that, in order to convict the defendant of murder, the State was required to prove beyond a reasonable doubt that the defendant was not justified in the use of force. (*Huckstead*, 91 Ill. 2d at 547, 440 N.E.2d at 1253.) The trial court did instruct the jury that the justifiable use of force would be a defense to murder. The supreme court held that, where the jury was instructed generally on the State's burden of proof and specifically on the defense of justification, both sides emphasized in closing argument that the State had the burden of proving that the defendant was not justified in the force he used, and the evidence was not very close, there was no grave error. *Huckstead*, 91 Ill. 2d at 544-47, 440 N.E.2d at 1252-53.

Defendant relies, in part, on *People v. Fryman* (1954), 4 Ill. 2d 224, 122 N.E.2d 573, in which the supreme court reversed a rape conviction because the trial court refused a defense instruction that would have informed the jury that the State was required to prove beyond a reasonable doubt that the complaining witness did not consent to the act of sexual intercourse. (*Fryman*, 4 Ill. 2d at 231-32, 122 N.E.2d at 577-78.) In light of the more recent decisions in *Layhew* and *Huckstead*, we do not find *Fryman* controlling. In any event, *Fryman* is distinguishable from *Layhew* and *Huckstead*, as in *Fryman* the issue was preserved for review, no instruction on. or definition of consent (beyond that implicit in the instruction that the State must prove that intercourse took place "forcibly and against her will") was tendered, and the facts were very closely balanced.

■ In the present case, the jury was instructed as to the State's burden of proof on the elements of criminal sexual assault, namely, sexual penetration (not in dispute here) and the accomplishment of that penetration by force or the use of force. (See Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(1).) The jury was also instructed that consent was a defense and given definitions for the terms "consent" and "force or threat of force." Although the trial court erred when it did not specifically instruct the jury that the State must disprove the consent defense, that error does not reasonably appear to have had any effect on defendant's right to a fair trial looking at all the circumstances at trial.

It is clear that the force issue and the consent issue were indeed two sides of the same coin. Both the prosecutor and defendant's attorney endorsed this formulation during *voir dire*, in opening statements, and in their final arguments to the jury. For example, in his closing argument the prosecutor stated that the second of the two issues that the State was required to prove was "that the act was committed by the use of force or the threat of force. In a nutshell, this is the issue of consent. *** [C]onsent is a defense. Consent means that there was no force or threat of force." He argued further that the jury should read the instructions on force and consent together because they were "really two sides of the same coin."

While the evidence against defendant in this case is not overwhelming, it is sufficient to sustain defendant's conviction. The complainant's testimony was sufficient to withstand defendant's contrary version of the events and was corroborated, in part, by another inmate's testimony. Defendant's credibility was impeached by his statement made to an investigating deputy sheriff whom defendant told at

first that he did not engage in the sexual acts and by introduction into evidence of prior convictions to affect his believability.

Based on the foregoing, we conclude that the failure specifically to instruct the jury in written form that the State has the burden to prove beyond a reasonable doubt that the complainant did not consent to the act of sexual penetration did not deprive defendant of a fair trial, and, accordingly, such omission was harmless beyond a reasonable doubt under the circumstances.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

DUNN and UNVERZAGT, JJ., concur.